## JOHN PHILLIPS *versus* RUFUS RUSSELL.

By the first section of the U. S. Bankrupt Act of 1841, persons owing debts not created in consequence of a defalcation as public officer, executor, administrator, guardian or trustee, or while acting in any other *fiduciary capacity*, should, on complying with the requirements of the act, be entitled to a discharge from them.

A. entrusted B. with his money to take to a distant place to pay the note of A. which money B. appropriated to his own use. B. afterwards obtained his discharge under the bankrupt Act : — *Held*, that B. did not act in the *fiduciary capacity* contemplated by the law, but merely as an express agent or other bailee, and that his discharge was a bar to an action for the money.

ON REPORT from *Nisi Prius*, CUTTING, J., presiding.

This was an action of DEBT on a judgment.

The defendant pleaded a discharge in bankruptcy and produced the evidence.

The plaintiff produced the original writ on which the judgment was rendered, and a copy of the receipt of defendant, as follows:—

"$436,50.                    "Portland, Nov. 9, 1835.

"Received of Capt. John Phillips, four hundred and thirty-six dollars and fifty cents, which I am to pay over to Simon Cripps, and take up his note, and deliver the same to Samuel Chase of Portland.             "Robert Russell."

The plaintiff also introduced a deposition setting forth the arrangement between plaintiff and defendant in regard to this receipt, against the objections of defendant.

The case was submitted to the Court upon so much of the evidence as was legally admissible.

*Gould* and *Wills*, for defendant.

*Bullfinch*, for plaintiff.

APPLETON, J.— The defendant received a sum of money from the plaintiff, to carry to New Brunswick, and there pay upon a note due to one Simon Cripps. It does not appear that he was to receive any compensation therefor, nor is it material whether he was a gratuitous bailee of the plaintiff or not. Upon this contract, a suit was brought, and judgment obtained for the amount thus received. To the present action, which is upon that judgment, the defendant interposes, by plea, his discharge in bankruptcy. The plaintiff, to avoid the effect of this, insists that the indebtedness, upon which the judgment was rendered, was fiduciary in its character, and that consequently it is unaffected by the proceedings in bankruptcy.

The first section of the bankrupt law provides, that "all persons whatsoever, residing in any State, territory or district of the United States, owing debts which shall not have been created in consequence of a defalcation as a public officer, or as executor, administrator, guardian or trustee, or while acting in any other *fiduciary capacity,*" shall, on a compliance with the requisites of the bankrupt law, be entitled to a discharge under it.

In *Chapman* v. *Forsyth,* 2 How. 202, Mr. Justice McLEAN says:—"The cases enumerated, the defalcation of a public officer, guardian or trustee, are not cases of implied but special trusts; and the other *fiduciary capacity* mentioned, must mean the same class of trusts. The Act speaks of technical trusts, and not those which the law implies from the contract. A factor is not, therefore, within the Act." The same construction was given to this section in *Hayman* v. *Pond,* 7 Met. 328.

The defendant stands in the same position as an express agent or common carrier, who, though entrusted to carry property from place to place, is no more to be regarded as acting in a "fiduciary capacity" than a commission merchant, or any other bailee of property for certain definite and specified purposes. It was held in *Fowles* v. *Treadwell,* 24 Maine, 377, that a receiptor of personal property, attached on mesne process, might avail himself of his discharge in bankruptcy as a bar to a suit upon his receipt. But the particular char-

acter or condition of the bailment cannot affect the rights of the bailee to the full benefits of his discharge. Whether the bailment was of money or of goods is immaterial. It is equally unimportant whether the article bailed was to be carried to some other place, or to be surrendered on demand at the place of its bailment. The plea must be adjudged sufficient.                                *Judgment for defendant.*

TENNEY, C. J., and RICE, J., concurred.