# SUPREME COURT.

## BENJAMIN SCHUDDER agt. GEORGE H. SHIELLS.

A commission merchant, who receives butter to sell on commission, acts in a fiduciary capacity, and is liable to arrest on failure to pay over the net proceeds after sale.

*Sixth District, Otsego General Term, July,* 1859.
*Present,* MASON, BALCOM *and* CAMPBELL, *Justices.*

APPEAL from an order of the Delaware special term.

The county judge of Delaware county granted an order of arrest in this action, upon which the sheriff of New-York arrested the defendant and held him to bail in the sum of $3,500. The defendant made a motion to vacate the order upon which he was arrested, at a special term of this court held by Justice BALCOM in Delaware county in January, 1859, which motion was denied with $10 costs.

The complaint and affidavits showed that the plaintiff sent from Delaware county, to the defendant in New-York city, a quantity of butter to sell on commission; that the defendant sold the butter for the plaintiff and received therefor $2,228.51, over and above his commissions, which he neglected to remit to the plaintiff, and soon thereafter made an assignment of his property to a trustee for the benefit of his creditors; that the plaintiff afterwards demanded the money of the defendant which he received for the butter, and he refused to pay it over to the plaintiff, having mixed and used the money with other moneys received by him in his business as a commission merchant, and having passed over to his assignee what money he had when he made his assignment, for the benefit of his creditors.

The defendant appealed from the order of the special term to the general term of this court, where it was contended that the action was not one for money received by the defendant *in a fiduciary capacity.*

The question presented by the appeal was argued by A. C. COWLES & WM. GLEASON, JR., for the plaintiff, and by WM. D. BOOTH and THOS. C. J. BUCKLEY, for the defendant.

The order of the special term was affirmed with $10 costs: all the judges agreeing that the action was for money received by the defendant *in a fiduciary capacity*, and that he was liable to arrest under section 179 of the Code.

Mr. Justice CAMPBELL delivered the following opinion in the case:

CAMPBELL, Justice. In the case of *Goodrich* agt. *Dunbar* (17 *Barbour*, 646), Mr. Justice MITCHELL, in giving the opinion of the court in the first district, in that case, says:

" The term, in ' a fiduciary capacity,' tends to show what is meant by factor, agent, broker, viz.: one in whom a trust is reposed, such as is usually reposed in those persons in their ordinary or regular business; that is, a trust that they will sell and immediately account for the balance after deducting their commissions—not that they shall take a general charge of their principal's business." That is, where a trust is reposed and not a credit given—where confidence is reposed in the integrity of the man rather than in his pecuniary ability.

It seems to me that this is an entirely clear case in favor of the plaintiff. The defendant was to sell the butter and remit the proceeds. The only effect of the arrangement as to the commissions was, that the defendant transacted the business for three and a half per cent. commissions instead of the usual commissions of five per cent.

The order of special term affirmed with $10 costs.