Meador & Brother *vs.* Sharpe.

---

MEADOR & BROTHER, plaintiffs in error *vs.* GEORGE SHARPE, JR., defendant in error.

One who receives goods consigned to him to be sold on commission, and who sells the same and fails to pay over the proceeds, creates a debt whilst acting in a fiduciary character, from which he is not released by obtaining a discharge under the bankrupt act of the United States.

Bankrupt. Factors. Before P. L. MYNATT, Esq., Judge *pro hac vice.* Fulton Superior Court. October Term, 1874.

This was assumpsit for proceeds of certain liquors left by Meador & Brother with Sharpe for sale on commission. They proved the receipt of the liquors " on sale ;" the sale of them by Sharpe, and their value, and his failure to pay on demand. The defense was that Sharpe had been discharged in bankruptcy. It was shown that in 1866 Sharpe was a wholesale dealer in liquors, having a bonded warehouse in Atlanta, Georgia, and sold plaintiffs' goods under an agreement that he should have the excess over a fixed price for his commission.

The question being whether his discharge in bankruptcy discharged him from that debt, the court charged the jury, " that if the goods were left with defendant to be sold by him and the proceeds to go to plaintiffs, they were not left in the way to produce the fiduciary relation contemplated by the bankrupt act, and defendant would be discharged."

The jury found for defendant. A new trial was moved for upon the grounds that the verdict was contrary to law and without evidence, and that the court erred in charging the jury as to the fiduciary relation as stated.

The motion was overruled, and the plaintiffs excepted.

ROBERT BAUGH; A. W. HAMMOND & SON, for plaintiffs in error.

W. T. NEWMAN, for defendant.

TRIPPE, Judge.

This case comes within and is controlled by the decision in *Jones & O'Dowd vs. Russell*, 44 *Georgia*, 460. It is true that the party in that case was an auctioneer in the city of Augusta, and had given bond and security as such. But the judgment was not put on the ground that he was an officer, and that the claim was one against him for defalcation as an officer. Goods had been committed to him to sell and pay the proceeds to the owner, and it was held that his certificate of discharge in bankruptcy did not discharge him from his liability for the default of non-payment of the money received by him whilst acting in a fiduciary capacity. The facts in this case are very much like that, except the one of being an auctioneer. As already stated, the decision was not put on that ground. We are aware of the conflicting decisions that have been made on this point under the bankrupt act of 1867: 46 California, 547; 104 Mass., 245; 6 Blatchf., 292; and also of the rulings under the act of 1841; 7 Metcalf, 328; 7 Ala., 335; 2 How., 208, but we see no sufficient authority to justify the overruling of *Jones & O'Dowd vs. Russell*.

Judgment reversed.