## McAdoo & Norwood v. Lummis.

1. RECEIPT.—A receipt appearing on its face to be that of an attorney for a claim taken for collection, may be explained by parol evidence.
2. ATTORNEY AND CLIENT.—An attorney receiving and holding a claim for the convenience of the owner, for the purpose only of receiving and paying over money paid thereon, and for which the attorney neither charges nor receives compensation, cannot be held responsible on the debt being barred by limitation.
3. SAME—BANKRUPTCY.—It seems that a plea that the makers of the note were discharged in bankruptcy would be good as a bar to such liability.

APPEAL from Washington.     Tried below before the Hon. I. B. McFarland.

*Breedlove & Ewing,* for plaintiffs in error.

*Seth Shepard,* for defendant in error.

GOULD, ASSOCIATE JUSTICE.—This suit was brought against the law firm of McAdoo & Norwood, charging gross negligence in failing to collect a note alleged to have been received by them professionally for collection, setting forth their receipt, as follows: " Received, Washington, February 16th, 1858, of H. H. Lummis, note on O. A. Norwood and R. T. Fluellin for seventeen hundred dollars," (describing note and credits,) " which we promise to collect or return.    McAdoo & Norwood."    The original petition was filed December 10, 1867, and the negligence specified was the failure to sue until the note was barred by limitation.    After the adoption of the constitution it

appeared that the note was not barred, and an amended petition charged that they had purposely failed to collect or made any effort to collect the note until both makers became insolvent.

In addition to general exceptions, general denial, and plea, setting up the discharge in bankruptcy of each of the defendants, there was also a plea that defendants took the note, which was on one of their own firm, to hold the same for the convenience of Lummis, and to save him commissions for collection, under instructions not to sue, but merely, as payments were ready, to receive and pay over the same as Lummis should order, without fee or compensation.

It appears by bill of exceptions that the pleas of discharge in bankruptcy were held insufficient, and the defendants deprived of the benefit of that defense.

The plaintiff recovered judgment for the uncollected balance of the note.

It is not proposed to notice all of the points made in the assignment of errors.

Under the averments of the answer, and in view of the uncontroverted fact that the Norwood of the note and of the law firm were the same person, we think parol evidence was properly admitted to explain the receipt. The obligation of the firm was that of each of its members. The receipt unexplained evidenced a contract by Norwood to collect of himself. Without pausing to inquire whether the law would enforce a contract by which an attorney assumes professional obligations against himself, it is sufficient to say that this extraordinary feature of the receipt gives rise to such an ambiguity as justified the admission of evidence to explain the true nature of the transaction and especially to explain in what way the note was to be collected.

We think the evidence establishes that Norwood executed the receipt without the knowledge of McAdoo; that

Lummis sent the note, by the hands of Norwood, to Mc-Adoo, to be held by him without fee or charge, not for the purpose of suit, but merely of receiving and forwarding payments as the mutual friend of the parties and to save commissions, and that McAdoo held the note for years without any thought that he had any professional obligation to discharge in regard to it.

The testimony of McAdoo to the foregoing facts is explicit, and is corroborated in the main by the testimony of Finley and Kennard, and it is not contradicted.    The evidence is clear that payments to a considerable amount were made and without charge forwarded to Kennard and Finley, the employed attorneys of Lummis.    These facts do not justify the conclusion that the note was in the hands of McAdoo & Norwood professionally.    No professional skill was to be exercised.    They do not appear to have incurred any obligation to use any means to enforce collection.    Merely to hold the note and to receive and forward payments or to return the note, did not require any exercise of professional skill.    We think the evidence does not justify the verdict and that the court should have granted a new trial.

The court doubtless overruled the plea setting up discharges in bankruptcy on the ground that a debt growing out of the failure of an attorney to discharge his professional duty to his client is, within the meaning of the bankrupt act, a debt contracted while acting in a fiduciary capacity and not within the operation of a discharge. (Helper v. Taylor, 39 Ind., 463–471; Flanagan v. Pearson, 42 Tex., 1.)

If the liability of defendants was not as attorneys, but as mere gratuitous bailees, for gross negligence in failing to return the note, no reason is perceived why their discharges in bankruptcy would not be sufficient to protect them.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.