90   371
144   511

Daniel Pierce

*v.*

Emerson C. Shippee *et al.*

Partnership — *or whether a fiduciary relation exists.* A person furnished money to another with which to purchase corn for speculation, the one receiving the money to make the purchases and to bear all the expenses attending the purchases and shipment, and upon a sale of the corn the amount received in excess of the money advanced was to be equally divided between the parties, and in case of loss, that was to be borne equally: *Held,* the transaction constituted a partnership, and did not create a fiduciary relation between the parties so as to exonerate the party receiving the money and making the purchases, under a discharge in bankruptcy, from his liability to con-

tribute to the other for any loss sustained in the enterprise. The fact of the corn not being bought in the name of the party furnishing the money, or shipped in his name, would not change the character of the transaction.

WRIT OF ERROR to the Circuit Court of De Kalb county; the Hon. THEODORE D. MURPHY, Judge, presiding.

This was an action to recover of Emerson C. Shippee and James W. Hunter $1000, which the plaintiff, Daniel Pierce, had furnished the defendants, to be used in the purchase of corn, and which it is claimed the defendants wrongfully appropriated to their own use.

The declaration contained the common counts, to which defendants pleaded jointly the general issue, and the defendant Shippee pleaded separately his discharge in bankruptcy. To this plea plaintiff replied, first, that said indebtedness was created by the fraud of Shippee ; second, that the indebtedness was caused by the defalcation of Shippee, while acting in a fiduciary character as agent of the plaintiff.

Rejoinders having been filed to the replications, a trial was had before a jury, which resulted in a verdict against defendant Hunter for $792.50, and a verdict in favor of defendant Shippee on the issue presented by his separate plea. To reverse this judgment the plaintiff has sued out this writ of error. No error in the ruling of the court in the admission of evidence is relied upon, nor is it claimed that the law involved in the case was not properly given to the jury. The only point relied upon to reverse the judgment is, that it is not sustained by the proof.

The contract under which the money was furnished by the plaintiff to the defendants is contained in the three following letters:

*Chebanse, December* 19, 1864.

Mr. DANIEL PIERCE :

DEAR SIR—After receiving your letter some time ago, I thought I would wait awhile and see what was the prospects in regard to corn, and I have come to the conclusion that it

will be a good thing to embark in to make money out of. You thought it would be a large expense to attend to it and get it into market. I will make you a proposition for you to consider upon. I will bear all the expense all through if you will furnish money to do the business with. I mean to hold until spring, or until we can get a good advance on it. I can get any amount of corn at 55 to 60 now, and that would pay well. At the present time I can get money to operate with, that is, to keep shipping, but the firms that I am doing business with do not have the funds to let lay still so long. If you think of going into the operation with me, we will divide the profits on the half, and I pay expenses out of my own. The object I have in getting you interested with me is because I know "Will," and you know me, and if you think best, let me know soon, and I will get cribs in readiness. I am very confident that we will get an even dollar in the spring for corn. I tried to buy, as you said, delivered at a certain price in the spring, and the price was one dollar.

Yours, truly,           E. C. Shippee.

*Sycamore, December* 22, 1864.

Mr. E. C. Shippee:

Dear Sir—Your letter of the 19th is received. As I understand your proposition, it is : I furnish the money, you buy the corn in my name, you be to all the expense,—that is, buy it, crib it, shell it, and getting it aboard the cars ; the corn to be held until next spring, if we do not think it best to sell before ; when it is sold, we to each have half that it fetches more than the price paid for it. If it does not fetch as much as the price paid for it, you to pay me half the loss. I had used what money I had on hand. I think in a few days I shall have $1000 that I could spare. Please write. State if or not I understand you correctly. If I did, if I can get the money without inconvenience, I will let you know what I can do.    *     *     *

Daniel Pierce.

Chebanse, December 28, 1864.

Mr. DANIEL PIERCE :

DEAR SIR—Yours of the 22d is at hand, and in answer to your letter I would say that your view of the proposition was as I understand it.   Now, all you have to do is to let me know about what you can furnish me, and I will then make some readiness to receive.   I have got lumber all ready to commence to build cribs with.   Now, as soon as you receive this please write me again, and if you can send some money as soon as the 5th of January, do so.   Any time after the corn is bought I will give you a bill of sale of the corn, or otherwise, to suit you.   Let me hear soon.

                    Yours, truly,               E. C. SHIPPEE.

Mr. R. L. DEVINE, and Mr. J. J. McKINNON, for the plaintiff in error.

Mr. CHARLES KELLUM, for the defendants in error.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the Court:

This record contains no evidence which would warrant the jury in finding that the debt was created by fraud.   So far as is shown by the proofs, the money was obtained in good faith and invested as was contemplated by the parties.   The speculation did not, however, prove to be a fortunate one, and hence the loss, and consequent liability of the defendants, but the transaction by which the defendants became indebted to the plaintiff is divested of any element of fraud, so far as we can perceive from an examination of the evidence.   It will not be necessary, therefore, to spend any time over this branch of the case.

The next question that arises is, whether the debt was created by Shippee while acting in a fiduciary capacity.   If it was, his discharge in bankruptcy would not relieve him from the liability incurred.   The money which the plaintiff furnished

the defendants was furnished under a contract, which must determine the character and nature of the debt. That contract was, in substance, that plaintiff would furnish the money necessary to buy a certain quantity of corn. Defendants were to furnish the cribs, do all the work, and bear all the expense, and when the corn should be sold each party was to have one-half of the amount the corn brought, after first deducting the amount paid for the corn when purchased. If the corn should not sell for as much as was paid for the same, then defendants were to pay the plaintiff one-half of the loss.

As appears, the corn was bought, cribbed, and in the following spring shipped, and sold at a heavy loss.

We perceive no element in the transaction which would make it a fiduciary debt. The money was invested in corn, as agreed upon. The corn was cribbed as contemplated, held as understood. The fact that the corn was not bought in the name of the plaintiff or shipped in his name, if such be the fact, does not change the character of the transaction. Here was a limited partnership created, where the parties to the contract were to share in the profits and losses of the enterprise. The defendants were not trustees of the plaintiff, nor does the transaction disclose any relation of trustee and *cestui que trust*. The case of *Matteson* v. *Kellogg*, 15 Ill. 547, cited and relied upon by the plaintiff, is so different in its facts that it can not be regarded as an authority in this case. There, money was received under a written agreement by which Wright bound himself to buy a quarter-section of land in Warren county for certain parties ; he failed to use the money for the purpose for which it was furnished him, and it was there held his discharge in bankruptcy did not release him from the debt. It was there said : "Where one receives the money or property of another as agent or bailee, the title to which is to remain in the principal, and which is to be paid over or delivered to him, or to be used in a particular way, or for a specified purpose, for his use, then the money or property is received or held in a fiduciary capacity, or as trustee."

In *Chapman* v. *Forsyth*, 2 Howard, 202, it was held that a factor who receives the money of his principal is not a fiduciary, within the meaning of the Bankrupt act. In that case it was said : "If the act embraced such a debt, it would be difficult to limit its application. It must include all debts arising from agencies, and, indeed, all cases where the law implies an obligation from the trust reposed in the debtor. Such a construction would have left but few debts on which the law could operate."

There is no material difference between the language of the Bankrupt act of 1841 and the present act, so far as this question is concerned, and under the decision last cited it would be impossible to make the defendants fiduciary debtors.

So far as the evidence shows, the only default of the defendants arises from the fact that they failed to pay over to the plaintiff one-half of the money he advanced with which the parties engaged in the speculation. This default is not a breach of trust,—it is a mere breach of contract ; and should this undertaking be held to be a fiduciary obligation within the meaning of the act, upon the same principle almost every legal or equitable obligation of a debtor would have to be included within the same list.

We are satisfied the verdict is in accordance with the preponderance of the evidence, and perceive no ground for disturbing it. The judgment will be affirmed.

*Judgment affirmed.*