Herman v. Lynch.

J. M. HERMAN v. R. B. LYNCH.

1. MONEY, *Received in a Fiduciary Character; Bankruptcy.* In 1876 the plaintiff was indebted to A. and B., and while so indebted delivered to the defendant $265 for the purpose and under an agreement between the parties that the defendant should take the money to Emporia, Kansas, and there purchase exchange for the plaintiff, and remit the same to A. and B.; the defendant converted the money to his own use and never purchased said exchange; *held*, that the defendant received said money and held the same in a fiduciary character within the meaning of § 33 of the act of congress of 1867, concerning bankruptcy, (14 U. S. Stat. at Large, 530; U. S. Rev. Stat., p. 993, § 5117,) and that the defendant could not be discharged from his obligation to the plaintiff by proceedings in bankruptcy.

2. PLEADING; *Practice.* Where the petition of the plaintiff stated the foregoing facts and the answer of the defendant denied the same, and then stated substantially that the defendant received and held the money in a different capacity, and that by the agreement between the parties he had a right to use the money in his own business and to purchase the exchange on his own account, and the reply of the plaintiff denied generally all the allegations of the defendant's answer, *held*, that under such pleadings the plaintiff had a right to prove his cause of action, and to show that the defendant held the money in a fiduciary capacity, within the meaning of said § 33 of the act of congress, and as alleged in his petition,

3. TESTIMONY, *Properly Excluded.* And in such a case where the trial court excluded a portion of the testimony of the witness S., who was the assistant cashier of the bank where the exchange was to be purchased, which testimony reads as follows: "*Question*—State whether during the latter part of November and fore part of December, 1876, your bank was not permitting Mr. H. (the defendant) to overdraw his account?" *Answer*—"Yes." *Held,* Not error.

### *Error from Harvey District Court.*

ACTION brought by *Lynch* against *Herman*, to recover $265 received by the defendant from the plaintiff, with which to purchase exchange for plaintiff. Trial at the March Term, 1880, and judgment for the plaintiff for $176.44, and costs. *Herman* brings the case here. The facts sufficiently appear in the opinion.

*Bowman & Bucher,* for plaintiff in error.

*A. L. Greene,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by R. B. Lynch against J. M. Herman to recover $265 received by Herman from Lynch, with which to purchase exchange. The petition alleged, among other things, as follows:

"That about November 25, 1876, this plaintiff was indebted to J. E. Hayner & Co. and to Andrew J. Hodges in large amounts, and that while he was so indebted as aforesaid, he delivered to the defendant herein, J. M. Herman, the sum of $265, for the purpose and under an agreement with the said J. M. Herman, that he, the said J. M. Herman, would take said money to Emporia, Kansas, for the said R. B. Lynch, and then of the First National Bank of Emporia purchase exchange for the said R. B. Lynch and remit said exchange to the parties aforesaid, as follows: To J. E. Hayner & Co., eighty dollars; to Andrew J. Hodges, one hundred and eighty dollars, for the purpose of liquidating the indebtedness of the said R. B. Lynch as aforesaid to the said firms aforesaid."

The petition further alleged that the defendant, after receiving said money, did not purchase said exchange, but converted the money to his own use. The defendant answered:

*First,* setting up a general denial; *second,* alleging, in sub-
stance, that the debt was not created by the fraud or embez-
zlement of the defendant; that he did not receive or hold the
money in a fiduciary character, and that since receiving it
he had been duly discharged from all debts and claims not
created by fraud or embezzlement, and which are not of a
fiduciary character, under the national bankrupt act of 1867,
(14 U. S. Stat. at Large, 529, *et seq.;* U. S. R. Stat., p. 990, *et
seq.*); *third,* setting forth a set-off. The plaintiff replied by
filing a general denial.

The case was tried upon these pleadings before the court
and a jury, and the jury found a general verdict in favor of
the plaintiff and against the defendant for the sum of $176.44,
and judgment was rendered accordingly; and from such judg-
ment the defendant now, as plaintiff in error, appeals to this
court.

We think that from the record in the case we may assume
as true that the defendant received the money, as alleged in
the plaintiff's petition, and that afterward he obtained the
ordinary discharge by proceedings in bankruptcy. The ques-
tion then arises: Was he discharged from this claim; or, in
other words, was this claim created by the fraud or embezzle-
ment of the defendant, or did he hold the money in a fidu-
ciary character, within the meaning of § 33 of said act of
congress, (sec. 5117, p. 993, of the U. S. R. Stat.,) so that he
could not be so discharged? If the plaintiff's petition is
true — that is, if the defendant had no right to use the money
received from the plaintiff, except in the purchase of exchange
for the plaintiff — then we think we must answer the question
first stated in the negative, and all the other questions follow-
ing in the affirmative. But if the defendant's answer is true —
if the defendant had a right to use the money received from
the plaintiff in his (the defendant's) own business, and to ob-
tain the exchange by some other means — then we think we
must answer all the questions in favor of the defendant.
Said § 33 or 5117 reads as follows: ·

"No debt created by the fraud or embezzlement of the

bankrupt, or by his defalcation as a public officer, or while acting in any fiduciary character, shall be discharged by proceedings in bankruptcy; but the debt may be proved, and the dividend thereon shall be a payment on account of such debt."

For the present we shall pass over the question whether the debt in the present case was created by the fraud or embezzlement of the defendant; but in passing we might say, that if the defendant held the money received from the plaintiff in a fiduciary character, then we think that the debt was also created by the fraud and embezzlement of the defendant. (*The State v. Bancroft*, 22 Kas. 170.)

We now pass to the next question : That the defendant held the money in a fiduciary character, we think is clear beyond all doubt. (Abbott's Law Dic., title "Fiduciary," and cases there cited.) But the question still remains to be answered, Did he hold it in a fiduciary character within the meaning of said act of congress? The defendant claims that he did not, and cites certain cases ( the case of *Chapman v. Forsyth*, 43 U. S. [2 How.], being the leading case) decided under the act of congress of 1841, relating to bankruptcy. None of these authorities, however, are applicable, as we think, for the reason, among others, that the statute of 1841 differs materially from the present statute, that of 1867. The language of the act of 1841, corresponding to the language of § 33 of the act of 1867, reads as follows :

"All persons whatsoever, residing in any state, district or territory of the United States, owing debts which shall not have been created in consequence of a defalcation as a public officer, or as executor, administrator, guardian or trustee, or while acting in any other fiduciary capacity," may be discharged by proceedings in bankruptcy. ( 5 U. S. Stat. at Large, p. 441, § 1.) "Nor shall any person being a merchant, banker, factor, broker, underwriter or marine insurer, be entitled to any such discharge or certificate, who shall become bankrupt, and who shall not have kept proper books of account, after the passing of this act." ( 5 U. S. Stat. at Large, p. 444, § 4.)

The foregoing authorities cited by the defendant ( plaintiff in error) hold that, as the act of 1841 enumerates public offi-

cers, executors, administrators, guardians and trustees as per-
sons who shall not be discharged, and also mentions factors,
brokers, etc., as persons who may or may not be discharged
according to circumstances, therefore that the words "other
fiduciary capacity" were not intended to include *factors*, etc.,
or any cases of implied trusts, or any trusts resulting merely
by operation of law; or, in other words, that the words
"other fiduciary capacity" referred only to persons acting in
a capacity similar to that of a public officer, or executor, ad-
ministrator, guardian, or trustee.   The defendant also cites
decisions in cases which have been decided since the act of
1867 took effect, construing said act, which decisions follow
the previous decisions, holding substantially that the act of
1867 is in effect only a reënactment of the act of 1841, or at
most, that it does not preclude persons or debts from being
discharged by proceedings in bankruptcy under the act of
1867, if such persons or debts could have been discharged by
proceedings in bankruptcy under the act of 1841.   We do
not think that these decisions are entitled to much weight,
for the reason they merely follow previous decisions, without
giving the differences between the two acts sufficient consid-
eration.   The last act was certainly not intended to be merely
a reënactment of the first.   If the intention of congress had
been merely to reënact the first act, the language of the last
act would have been the same as in the first.   But by leaving
out of the last act the words " executor, administrator, guar-
dian and trustee," where these words were included in the
first act, and also leaving out of the last act the words "fac-
tor, broker," etc., where these words were included in the first
act, and including in the last act only public officers and per-
sons acting in a fiduciary character, congress either intended
that all debts created by the defalcations of executors, admin-
istrators, guardians and trustees should be discharged as other
debts are generally discharged, or intended that no debt cre-
ated by the defalcation of any person " while acting in any
fiduciary character" should be discharged.   Now if we should
construe the act of 1867 with said words left out, in the same

manner that some of the authorities cited by the defendant construed the act of 1841, with said words incorporated in the act, then all debts would be discharged except such as are created by defalcation of a public officer, or by the defalcation of some person acting in a like capacity, such as a public agent for the collection and disbursement of money or other property belonging to the public. This would certainly narrow the meaning of the words, "any fiduciary character," and broaden the provisions of the act for the discharge of fiduciary debts to an extent never contemplated by the framers of the act; and we do not think that it would be a fair or reasonable construction of the act. We think some of the decisions cited by the defendant are correct. But they do not decide this case. And there are some of the decisions referred to by the defendant with which we do not agree. We think that both reason and the weight of authority are against them. We think that the act of 1867 means just what it says. We think that "no debt created by the fraud or embezzlement of the bankrupt, or by his defalcation as a public officer, or while acting *in any fiduciary character*, shall be discharged by proceedings in bankruptcy;" and construing the act in this manner, the debt of the defendant is not discharged.

1. Money. received in a fiduciary character.

The authorities cited by the defendant upon all the foregoing points, including those authorities with which we agree and those with which we do not agree, are as follows: *Chapman v. Forsyth*, 43 U. S. (2 How.) 202; *Phillips v. Russell*, 42 Me. 360; *Bissell v. Couchaine*, 15 O. 58; *Owsley v. Cobin*, 16 Nat. B'cy Reg. 489; *In re Smith*, 18 Nat. B'cy Reg. 24; *Cronan v. Cotting*, 104 Mass. 245; *Woodward v. Towne*, 127 Mass. 41; *McAdoo v. Lummis*, 43 Tex. 227; *The People v. Clews*, 77 N. Y. 39.

We will now refer to the authorities which we think sustain our views of this case: *Jones v. Russell*, 44 Ga. 460; *Meador v. Sharpe*, 54 Ga. 125; same case, 14 Nat. B'cy Reg. 492; *Treadwell v. Holloway*, 12 Nat. B'cy Reg. 61; *Lemcke v. Booth*, 47 Mo. 385; *In re Kimball*, 6 Blatch. 292; *Matteson v. Kellogg*, 15 Ill.

547; *White v. Platt,* 5 Den. 269; *Flagg v. Ely,* 1 Edm. Sel. Cases, 206; *Stoll v. King,* 8 How. Pr. 298; *Schudder v. Shiells,* 17 How. Pr. 420; *Ostell v. Brough,* 24 How. Pr. 274; *Noble v. Prescott,* 4 E. D. Smith, 139; *Burhand v. Casey,* 4 Sandf. 707; *Republic of Mexico v. De Arangoiz,* 5 Duer, 634; *Wolfe v. Brouwer,* 5 Rob. 601; *Dunaher v. Meyer,* 1 Code Reporter, 87.

We do not think that it makes any difference that the defendant was not to receive any compensation for his services. He accepted the trust and entered upon its performance. He received the plaintiff's money, and was to apply it in a particular way; and he certainly cannot now, as a defense to an action brought against him for converting the money to his own use, say that there was no consideration for his agreement, and therefore that he had a right to convert the money to his own use. He was not bound to receive the money; but having received it, it was then his duty to apply it as he agreed to apply it, or at least to return .it to the plaintiff. He had no right to convert it to his own use.

The defendant, however, claims that the pleadings were not sufficient to permit the plaintiff to introduce evidence showing that the defendant held the money in a fiduciary capacity. There are two answers to this claim of the defendant: First, the pleadings were sufficient; and second, the question was not raised in the court below, but the parties introduced their evidence and the trial was had in every particular as though the pleadings were entirely sufficient to permit every portion of the evidence to be introduced that was introduced by the plaintiff. The petition itself states facts sufficient to show that the defendant received and held the money in a fiduciary capacity, and that it was by his defalcation while acting in such capacity that the cause of action arose. The answer denied this, and stated substantially that the defendant received and held the money in a different capacity when the cause of action arose; that he in fact received the money with the right to use it in

2. Pleading, practice.

his own business, and that the plaintiff's claim against him was discharged by proceedings in bankruptcy. The plaintiff's reply denied all the allegations of the defendant's answer. Now, under these pleadings we think the plaintiff had a right to prove his cause of action, and by proving the same, he showed that the claim was one that could not be discharged by proceedings in bankruptcy. We think the pleadings were sufficient to permit the plaintiff to introduce all the evidence which he did introduce; but as we have stated before, no question was raised in the court below with regard to the sufficiency of the pleadings.

The defendant also claims that the court below erred in excluding certain evidence. The evidence excluded was a portion of the testimony of J. M. Steel, the assistant cashier of the Emporia National Bank, and was as follows: *Question*—"State whether during the latter part of November and fore part of December, 1876, your bank was not permitting Mr. Herman to overdraw his account?" *Answer:* "Yes."

We think this evidence was wholly immaterial. If it was the intention of the parties that the defendent should take the money received from the plaintiff to Emporia, and there with this identical money purchase exchange for the plaintiff, then it was certainly no defense to show that the bank allowed the defendant to overdraw his account; for he would nevertheless be holding the money received from the plaintiff in a fiduciary character; and he failed to use the money as he agreed, failed to discharge his trust, and failed to procure the exchange by any means. But if it was the understanding of the parties that the defendant might use this money in his own business and obtain exchange on his own account, then the defendant would not be holding the money in a fiduciary capacity, whether the bank allowed him to overdraw his account or not; and in such case the claim of the plaintiff would have been wholly discharged by the proceedings in bankruptcy without reference to his dealings with the bank. The case was tried from be-

3. Testimony, properly excluded.

ginning to end upon this theory. We think the exclusion of said testimony was not prejudicial to the rights of the defendant.

The judgment of the court below will be affirmed.

HORTON, C. J., concurring.

BREWER, J.: I concur in the judgment ordered in this case, but do not agree with all the views expressed in the opinion as to the true construction of the late bankrupt act.