BARRETT, Sheriff, v. PRINCE.

(Circuit Court of Appeals, Seventh Circuit. January 2, 1906.)

No. 1,186.

BANKRUPTCY—STAY OF SUITS AGAINST BANKRUPT—CLAIMS RELEASED BY DISCHARGE.

A bankrupt, arrested and held on a capias in an action to recover from him the value of property which it is alleged he embezzled and fraudulently converted to his own use, is entitled to release on a writ of habeas corpus, where no facts are pleaded which show such embezzlement to have been committed while acting in a fiduciary capacity, so as to prevent a discharge in bankruptcy from being a release of the debt under Bankr. Act July 1, 1898, c. 541, § 17a (4), 30 Stat. 550 [U. S. Comp. St. 1901, p. 3428].

Appeal from the District Court of the United States for the Northern District of Illinois.

March 30th, 1905, on his voluntary petition filed February 15th, preceding, appellee was adjudged, in the District Court of the Northern District of Illinois, a bankrupt. Between the filing of the petition, and the adjudication, at the suit of one John L. Robson, in the Circuit Court of Cook County, appellee was arrested on a capias ad respondendum, and held to bail. Subsequent to the adjudication of bankruptcy, having been surrendered by his bondsmen in the capias suit to the sheriff, the petition of appellee for a writ of habeas corpus was filed, based upon the averment that the claim of Robson, in the suit in which the capias was issued, was one provable in bankruptcy, from which appellee's discharge in bankruptcy would be a release. The petition for habeas corpus was heard in the District Court upon the stipulation of the parties that the return of the respondent contained a full statement of the claim upon which the suit in the state court had been brought and the capias issued, which statement is as follows:

"John L. Robson of the City of Chicago, County and State aforesaid, who is about to commence his action of Trespass on the Case in the Circuit Court of the said County against E. H. Prince of the same place, makes oath and says that on or about, to wit, February 28, 1905, at Chicago, County aforesaid, the said E. H. Prince embezzled and fraudulently converted to his own use certain goods and chattels, to wit, 60 shares of common stock of the U. S. Steel Corporation, a corporation, of the value, to wit, $2100.00, which said shares of stock were then and there the property of this affiant and which shares of stock had before that time been delivered by this affiant to said E. H. Prince as a stock broker to be sold by said E. H. Prince for the sole use and benefit of this affiant according to certain instructions there given by this affiant to said E. H. Prince, to wit, that said E. H. Prince should sell 20 shares of said stock when the market price should reach $34 per share, another 20 shares of said stock when the market price should reach $35 per share, and the remaining 20 shares of said stock when the market price should reach $36 per share. Affiant further says that the said E. H. Prince disregarded utterly the aforesaid instructions and embezzled and fraudulently converted the said shares of stock to his own use as aforesaid well knowing the said shares of stock to be the property of this affiant and has not as yet delivered the same or any part of them to this affiant although often thereto requested. And this affiant further says that by reason of the premises he has sustained damages in this behalf to the amount of $2100.00 and this affiant verily believes that the benefit of whatever judgment he may obtain in said suit will be in danger of being lost unless the said E. H. Prince be held to bail."

The petition was granted.

Edwin Terwilliger, Jr., for appellant.

Chas. C. Carnahan and M. Slusser, for appellee.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

GROSSCUP, Circuit Judge, after stating the facts, delivered the opinion.

The sole question in this case is whether the cause of action set out in the return is one provable as a claim against appellee in bankruptcy. If it be thus provable, the detention of the petitioner on the capias was unlawful, and the order of the District Court discharging him is not erroneous. Bankr. Act July 1, 1898, c. 541, § 63, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3447]; General Orders in Bankruptcy, 30 (89 Fed. xii, 32 C. C. A. xxx).

Though the suit on which the capias was issued was in tort, that alone would not exclude it from claims provable in bankruptcy; for the

tort could have been waived, and a judgment had, as upon the implied contract.

But it is said that under the bankruptcy act—Section 17 as amended in 1903 (Act Feb. 5, 1903, c. 487, § 5, 32 Stat. 798 [U. S. Comp. St. Supp. 1905, p. 684])—a discharge in bankruptcy does not release the bankrupt from provable debts created by his fraud, embezzlement, misappropriation or defalcation while acting as an officer, or in any fiduciary capacity. It may very well be doubted if within the meaning of this section, the steel shares in the possession of Prince for sale were in his possession in a fiduciary capacity. In the acts of 1841 and of 1867 it was provided, in almost identical language, that no debt created by fraud or embezzlement, while acting in any fiduciary character, should discharge the bankrupt; and in construing these acts, the Supreme Court held in many cases, some of which are almost identical in character with the case under review, that mere confidence reposed in the punctuality and integrity of a person with whom one has commercial transactions is not the fiduciary relation that was meant to be covered by the excepting portion of the bankruptcy acts. Chapman v. Forsyth, 2 How. 202, 11 L. Ed. 236; Hennequin v. Clews, 111 U. S. 676, 4 Sup. Ct. 576, 28 L. Ed. 565; Palmer v. Hussey, 119 U. S. 96, 7 Sup. Ct. 158, 30 L. Ed. 362; Upshur v. Briscoe, 138 U. S. 365, 11 Sup. Ct. 313, 34 L. Ed. 931; Noble v. Hammond, 129 U. S. 65, 9 Sup. Ct. 235, 32 L. Ed. 621. And this view was applied to the bankruptcy act of 1898 by Mr. Justice Brown, in Re Basch (C. C.) 97 Fed. 761, and by Judge Wheeler in Knott v. Putnam, (D. C.) 107 Fed. 907.

But whatever the law may be, a case being properly pleaded, the appellant has not pleaded, in the record before us, a case of fraud, embezzlement, misappropriation or defalcation in a fiduciary capacity. The return recites that appellee "embezzled and fraudulently converted to his own use" the goods and chattels described, and goes no further. It does not set forth facts that constitute fiduciary relationship, or facts that disclose fraud, embezzlement, misappropriation or defalcation. It satisfies itself with the statement of the conclusion of the pleader, pleading no facts by which such conclusion can be judicially tested. As an indictment, a declaration, or a plea, intended to make a case of fraud, embezzlement, misappropriation or defalcation in a fiduciary capacity, the statement contained in the return would be open to demurrer. Thus tested—and in our judgment the case made in the return must be thus tested—no case coming within the exception of the discharge clause of the bankruptcy act is shown in the return.

The judgment of the District Court is affirmed.