D. R. INGE, *Appellant,* v. E. Q. STILLWELL, *Appellee.*

No. 17,561.

SYLLABUS BY THE COURT.

PARTNERSHIP — *Fraud by One Partner — Action — Defense — Bankruptcy.*   The plaintiff and the defendant were equal partners in a private bank, of which the former was president and the latter cashier.   The cashier was permitted to manage the bank and certain other business of the firm as he chose, the result being a considerable loss.   The president sued the cashier for the loss, alleging fraud and mismanagement while acting as partner in a fiduciary capacity or relation.   The defendant pleaded a discharge in bankruptcy, the plaintiff, who had notice of the proceedings, having filed no claim therein.   *Held,* that such discharge was a good defense, the relation between partners under the circumstances indicated not being the fiduciary relation referred to in section 17 of the bankruptcy act of 1898.

Appeal from Woodson district court.   Opinion filed November 9, 1912.   Affirmed.

3—88 KAN.

*Baxter D. McClain,* of Iola, for the appellant.

*G. H. Lamb,* and *W. E. Hogueland,* both of Yates Center, for the appellee.

The opinion of the court was delivered by

WEST, J.: The parties became partners in a private bank, the plaintiff being president and the defendant cashier. The latter had the full management of the bank, and after several years' business it was closed by the state bank commissioner and a receiver appointed, and while the creditors were substantially all provided for the firm suffered a loss of about $17,000. The plaintiff sued for the entire loss, alleging that it was caused by the fraud, misconduct and unlawful management and control of the partnership by the defendant while acting as partner in a fiduciary capacity or relation. The answer set up, among other things, that prior to the filing of the amended petition the defendant was duly and legally discharged in bankruptcy, of which proceedings the plaintiff had due notice. Without going into the various mutations and dealings of the bank and divers matters covered by the testimony, it is sufficient to say that a referee was appointed, who, after an extended trial, reported that during all the transactions the plaintiff and the defendant were partners owning the bank, that certain other business was conducted by the firm outside of the banking business, that they were each entitled to one-half of the profits and liable for one-half of the losses either as the Neosho Falls Bank or as Inge and Stillwell. The referee recommended that the receiver, upon final settlement and payment of all the debts of the bank and firm, be ordered to pay to the plaintiff, out of any remaining funds, not exceeding the sum of $17,-610.34, and that the same when paid should be a credit against such sum, and after such credit the defendant would be indebted to the plaintiff for one-half of such balance as upon a claim and debt theretofore discharged

in bankruptcy; that subsequently to the beginning of the action a petition in bankruptcy was filed against the defendant; that the sum of $8805.17, owing by the defendant to the plaintiff, was an existing liability provable against the estate of the defendant; that plaintiff had actual notice and knowledge of the pendency of such proceedings long prior to the granting of the discharge in bankruptcy on November 14, 1907; and that such claim was not by law excepted from the operation of the discharge. These findings were, after some slight amendment, approved by the court, and the plaintiff appeals.

The only question presented is the effect of the discharge in bankruptcy. The findings of the referee fail to show any fraud committed by defendant against the plaintiff, and the evidence being voluminous and the findings having been approved by the trial court we must accept them as correct. What the record shows is, in substance, that the defendant was permitted to manage the bank according to his own judgment for a number of years, and after some apparent prosperity adversities came and a considerable loss followed. The plaintiff was the president, but according to his own theory paid practically no attention to the affairs of the bank, and in the absence of a finding of fraud that section of the bankruptcy act in question could not be applied, and even if the plaintiff's theory be taken that the loss was occasioned by the fraudulent conduct and mismanagement of the defendant the fiduciary relationship required by the statutes does not, according to the authorities, appear to have existed.

Section 17 of the bankruptcy act of 1898 provides that a discharge shall release a bankrupt from all his provable debts except those which "were created by his fraud, embezzlement, misappropriation, or defalcation while acting as an officer or in any fiduciary capacity." Collier on Bankruptcy, 9th ed., says:

"On the other hand, partners and bankers, like

agents, factors, and commission men, do not usually act in a fiduciary capacity." (p. 404.)

In *Pierce v. Shippee et al.,* 90 Ill. 371, it was held that a person furnished with money by another to purchase corn for speculation, the one receiving the money to make the purchase and bear all expense and upon a sale the amount received in excess of the sum advanced to be equally divided, the loss, if any, to be apportioned equally, was a partner and did not act in a fiduciary relation. The court said:

"We perceive no element in the transaction which would make it a fiduciary debt. . . . Here was a limited partnership created, where the parties to the contract were to share in the profits and losses of the enterprise. The defendants were not trustees of the plaintiff, nor does the transaction disclose any relation of trustee and *cestui que trust.* . . . So far as the evidence shows, the only default of the defendants arises from the fact that they failed to pay over to the plaintiff one-half of the money he advanced with which the parties engaged in the speculation. This default is not a breach of trust, it is a mere breach of contract; and should this undertaking be held to be a fiduciary obligation within the meaning of the act, upon the same principle almost every legal or equitable obligation of a debtor would have to be included within the same list." (pp. 375, 376.)

*Barber v. Sterling,* 68 N. Y. 267, involved a transaction by which the defendant entered into a contract to lease plaintiff a furnace and fixtures for a term long enough to make and manufacture 1000 tons of iron, the defendant to act as plaintiff's agent in the work of repair and in manufacture; the product was to belong to the plaintiff, who was to sell the same, retaining all advances made by him with interest and with commission on the net sales, and to pay the balance to the defendant as compensation for services and use of the property. The defendant, with the knowledge and consent of the plaintiff, sold the product, using a portion of the proceeds in the purchase of materials and

Inge v. Stillwell.

in payment for labor, and failed to pay over the portion due the plaintiff. He overpaid for labor and materials and appropriated profits arising from other transactions in which the plaintiff was entitled to a share. In an action to recover the amount due plaintiff, the defendant pleaded his discharge in bankruptcy, and it was held a good plea. The court said:

"The defendant had an interest in the profits, and occupied more the position of a partner than an agent, as his labors in respect to the sales and the receipt and disbursement of money were performed for the benefit of all the parties to the contract. . . . No account was either rendered by defendant, or called for by plaintiff, during the period of defendant's employment, and for nearly four years the whole business was conducted in the most loose and irregular manner, so that none of the parties profited by their unfortunate venture.

"Upon such a state of facts a fiduciary relationship can not be predicated." (pp. 273, 274.)

In *Gee v. Gee,* 84 Minn. 384, 87 N. W. 1116, it was decided that the exception does not apply to a misappropriation of money by a partner while engaged in the conduct of a partnership business, unless in violation of some express trust. The circuit court of appeals of the seventh circuit held in *Barrett v. Prince,* 143 Fed. 302, that "mere confidence reposed in the punctuality and integrity of a person with whom one has commercial transactions is not the fiduciary relation that was meant to be covered by the excepting portion of the bankruptcy acts." (p. 304.) In *Crawford v. Burke,* 195 U. S. 176, the supreme court ruled that "A commission merchant and factor who sells for others is not indebted in a fiduciary capacity within the bankruptcy acts by withholding the money received for property sold by him and this rule applies to a broker carrying stocks on margin who sells the same and does not pay over the proceeds to his principal." (Syl.) The case of *Karger v. Orth,* 116 Minn. 124,

133 N. W. 471, 27 Am. Bankr. Rep. 212, (decided in 1911) lays down the doctrine that "Misappropriation by a partner of partnership funds is not a misappropriation by him while acting in a 'fiduciary capacity,' within the meaning of the provision excepting certain debts from the effect of a discharge in bankruptcy." (Syl.)

The appellant cites *Herman v. Lynch,* 26 Kan. 435, but the facts in that case were quite different from those now under consideration, and in the opinion it was said:

"But if it was the understanding of the parties that the defendant might use this money in his own business and obtain exchange on his own account, then the defendant would not be holding the money in a fiduciary capacity, whether the bank allowed him to overdraw his account or not; and in such case the claim of the plaintiff would have been wholly discharged by the proceedings in bankruptcy without reference to his dealings with the bank." (p. 442.)

Reference is also made to *Stewart v. Harris,* 69 Kan. 498, 77 Pac. 277, but that involved the relations between the managing officers of a corporation and its shareholders and was not the case of an ordinary partnership.

The appellant says in his brief that the debt is excepted "by reason of the violation (fraud, deceit, embezzlement, misappropriation and defalcation) of an express trust, and while the appellee occupied the position as an officer acting in a fiduciary capacity." The fraud, however, must occur against the party towards whom the debtor holds a fiduciary relation. If the cashier so conducted the bank as to defraud its depositors he did so not as the trustee but as the partner of the plaintiff, and hence the latter can not assert such fraud as committed against him, an equal sharer in the gain and equally responsible for the loss of the enterprise. Counsel say: "At any rate, the appellant's relations with the appellee ·(whatever they were in law) cost

Perkins v. Weston.

him about $18,000, the loss of his property, and several years of expensive litigation, without any fault, knowledge or ratification on his part." But the plaintiff voluntarily entered into the partnership and permitted its affairs to be conducted by the defendant as he chose, and had his peculiar methods resulted in a gain, one-half thereof would inure to the benefit of the plaintiff; and by the same rule one-half the loss falls on him by reason of the partnership relation and not from any fiduciary consideration.

The judgment is affirmed.