CHARLOTTE M. MARTIN, APPELLANT, V. SAMUEL B. STARRETT ET AL., APPELLEES.

FILED JANUARY 29, 1915.  No. 17,972.

1. **Bankruptcy: DISCHARGE: DEBTS EXCEPTED.**  An act of fraud, embezzlement, misappropriation or defalcation does not except a debt from a discharge in bankruptcy, unless the debtor created it "while acting as an officer" or in a "fiduciary capacity."  30 U. S. St. at Large, p. 550, sec. 17.

2. ———: "OFFICER:" MANAGING PARTNER.  The managing partner of a firm composed of two members is not an "officer" within the meaning of that word as used in the bankruptcy act of 1898. 30 U. S. St. at Large, p. 550, sec. 17.

3. ———: TRUSTS: "FIDUCIARY CAPACITY."  The term "fiduciary capacity," as used in the bankruptcy act of 1898, applies to technical trusts, and not to those arising by implication of law from the contract of parties.  30 U. S. St. at Large, p. 550, sec. 17.

4. ———: ———: ———: MANAGING PARTNER.  During the existence of a partnership formed by two persons for the purpose of conducting a banking business, the managing partner does not act "in any fiduciary capacity," within the meaning of that term as used in the bankruptcy act of 1898.  30 U. S. St. at Large, p. 550, sec. 17.

APPEAL from the district court for Merrick county: CONRAD HOLLENBECK, JUDGE.  *Affirmed.*

*James H. Wooley,* for appellant.

*Garlow & Long, contra.*

ROSE, J.

This is a proceeding to revive a judgment, rendered November 3, 1893, in the district court for Merrick county, in favor of the plaintiff for $38,772.03, in a suit brought by David Martin against Samuel B. Starrett and George Wells. The plaintiff died January 29, 1896. His wife, Charlotte M. Martin, succeeded to his rights. The trial court revived the judgment as to Wells, but refused to grant such relief as to Starrett, on the ground that he had been released by a decree in bankruptcy from liability for the debt. The deceased plaintiff's widow is appellant.

Is Starrett's discharge in bankruptcy a defense to revivor? The solution depends on the nature of the debt and on the provisions of the bankruptcy act of 1898. David Martin and Starrett had entered into a partnership for the purpose of operating a bank at Central City; the former furnishing the money and the latter managing the business and controlling the funds for a share of the profits. In the suit wherein the judgment in controversy was rendered, plaintiff sought a dissolution of the partnership and an accounting between the partners. This relief was granted. The principal debts were created by the use of partnership funds lost in gambling on the board of trade in Chicago, both Starrett, as manager of the partnership business, and Wells, as a participant in the gambling transactions, having been held accountable to the plaintiff for the losses thus incurred. Starrett was declared a bankrupt December 12, 1898, plaintiff being his only creditor. In the bankruptcy court the fraudulent nature of the bankrupt's debt was pleaded, but the final discharge was nevertheless granted April 4, 1900. Is the dormant judgment excepted from the operation of the decree in bankruptcy? Under the act of 1898 a discharge releases a bankrupt from all of his provable debts except such as "were created by his fraud, embezzlement, misappropriation or defalcation while

acting as an officer or in any fiduciary capacity." 30 U. S. St. at Large, p. 550, sec. 17. An act of fraud, embezzlement, misappropriation or defalcation does not except a debt from a discharge in bankruptcy, unless the debtor created it "while acting as an officer" or in a "fiduciary capacity." *Crawford v. Burke,* 195 U. S. 176.

Did the managing partner act as "an officer" or "in any fiduciary capacity," within the meaning of the bankruptcy act? Starrett was called "cashier," but that did not make him an "officer" as that word is used in the act of congress. He was neither a public officer nor an officer of a private corporation. The bank was not incorporated. Under a partnership contract he was manager, having control of the partnership funds and business. In this contractual relation he was not an "officer," within the meaning of the statute. That he did not act in a "fiduciary capacity" in the sense that defeats a discharge in bankruptcy is well settled by rulings of the federal courts. The term as it appears in the act applies to technical trusts, and not to trusts implied by law from contracts. *Chapman v. Forsyth,* 2 How. (U. S.) 202; *Inge v. Stillwell,* 88 Kan. 33, 42 L. R. A. n. s. 1093, and cases cited in note. While a partnership contract implies trust and confidence, as held in *Knapp v. Reed,* 88 Neb. 754, a partner during the existence of the partnership does not by reason of that relation, when managing the funds and the business of the firm, act in a "fiduciary capacity" as understood in the bankruptcy law. *Chapman v. Forsyth,* 2 How. (U. S.) 202; *Barrett v. Prince,* 74 C. C. A. 440; *In re Camelo,* 195 Fed. 632; *Goodman v. Herman,* 172 Mo. 344. The rule applicable to the undisputed facts of the present case has been settled as follows: "Misappropriation by a partner of partnership funds is not a misappropriation by him while acting in a 'fiduciary capacity,' within the meaning of the provision excepting certain debts from the effect of a discharge in bankruptcy." *Karger v. Orth,* 116 Minn. 124. To the same effect: *Gee v. Gee,* 84 Minn. 384; *Pierce v. Shippee,* 90 Ill. 371; *Inge v. Stillwell,* 88 Kan. 33, 42 L. R. A. n. s. 1093.

In holding that the judgment against Starrett was not excepted from the operation of his discharge in bankruptcy and in denying a revivor as to him, the trial court followed the law.

AFFIRMED.

MORRISSEY, C. J., SEDGWICK and HAMER, JJ., not sitting.