## MICHELIN TIRE CO. v. HEARN.
### (No. 5705.)

(Court of Civil Appeals of Texas. San Antonio. Oct. 11, 1916.)

BANKRUPTCY ⬤═►426(2) — DISCHARGE — DEBTS EXCLUDED—"FIDUCIARY CAPACITY."

A dealer to whom goods were consigned under a contract retaining title in the consignor and requiring the dealer to hold the proceeds of any sale in trust for the consignor and to remit the same less the dealer's commission is not acting in a fiduciary capacity, so that the debt for goods sold by him is barred by a discharge in bankruptcy under Bankruptcy Act July 1, 1898, c. 541, 30 Stat. 550 (U. S. Comp. St. 1913, § 9601) § 17, subd. 4, since "fiduciary capacity" in that it implies a fiduciary relationship existing before or independent of the particular transaction out of which the debt arose.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 787, 793–807; Dec. Dig. ⬤═► 426(2).

For other definitions, see Words and Phrases, First and Second Series, Fiduciary Capacity.]

Appeal from Washington County Court; W. R. Ewing, Judge.

Action by the Michelin Tire Company against E. L. Hearn. Judgment for the defendant, and plaintiff appeals. Affirmed.

Mathis, Teague & Embrey, of Brenham, for appellant. Searcy & Botts, of Brenham, for appellee.

MOURSUND, J. Appellant sued appellee on September 2, 1914, for $529.06, upon a verified itemized account, based upon a certain contract, covering a certain stock of automobile tires consigned and delivered to appellee by appellant.

On September 21, 1914, appellee filed a motion to stay the proceedings, alleging that he had filed his application in voluntary bankruptcy, and had on July 15, 1914, been duly adjudged a bankrupt by the District Court of the United States for the Western District of Texas. This motion was granted.

On May 17, 1915, appellee answered to the effect that the court had on November 27, 1914, granted him a discharge from all his debts; that appellant's claim was a provable one in bankruptcy, and did not come within any of the classes of claims not affected by a discharge.

The appellant, by supplemental petition, answered in substance that his debt was not affected by the discharge in bankruptcy, for the reason that it was created by the fraud, embezzlement, misappropriation, and defalcation of appellee while acting in a fiduciary capacity.

The cause was tried without a jury, and judgment entered that appellant take nothing by its suit.

Appellant contends the debt sued upon was created by the misappropriation of appellee while acting in a fiduciary capacity, and that therefore it was not affected by the discharge in bankruptcy. The contract upon which the debt is based provided that until a sale of any of the consigned stock all of same should remain appellant's property; that after sale of any of said consigned stock appellee agreed to hold the proceeds of such sale separate and apart in trust for appellant's use and benefit; that upon the 10th day of each month the appellee would remit to appellant, at Dallas, the state office, for all sales during the previous month, less certain commissions, at confidential prices, and the appellant would thereupon replenish the stock in his hands with goods similar to those he had disposed of. By subdivision 4 of section 17 of the Bankruptcy Act, debts of the bankrupt not affected by a discharge include those which "were created by his fraud, embezzlement, misappropriation or defalcation, while acting as an officer or in any fiduciary capacity." It is well settled that the appellee in this case was not acting in a fiduciary capacity within the meaning of the Bankruptcy Act.

"The phrase 'fiduciary capacity' implies a fiduciary relation existing previously to or independently of the particular transaction out of which the debt arose. It does not embrace debts arising in commercial dealings between principal and agent or factor for selling goods on commission." 5 Cyc. 398, 399.

In support of the rule announced by Cyc. we cite the following authorities: Crawford v. Burke, 195 U. S. 176, 25 Sup. Ct. 9, 49 L. Ed. 147; Tindle v. Birkett, 205 U. S. 183, 27 Sup. Ct. 493, 51 L. Ed. 763; Upshur v. Briscoe, 138 U. S. 365, 11 Sup. Ct. 313, 34 L. Ed. 931; Re Butts (D. C.) 120 Fed. 966; Re Basch (D. C.) 97 Fed. 761; Bracken v. Milner (C. C.) 104 Fed. 522; Inge v. Stillwell, 88 Kan. 33, 127 Pac. 527, annotated in 42 L. R. A. (N. S.) 1093.

The judgment is affirmed.