G. E. GEE v. H. D. GEE.[1]

November 22, 1901.

Nos. 12,707—(62).

</div>

### Discharge in Bankruptcy—Judgment—Fraud.

In an action upon a judgment against which it is attempted to interpose the defense of a discharge in bankruptcy, the same is not a bar if such judgment was for a fraud, or based upon a debt arising upon fraud in a fiduciary capacity, under the terms of 30 Stat. 550, § 17, subd. 2, 4.

### Finding Sustained by Evidence.

Evidence in this case considered, and *held* that it reasonably tends to support the finding of the trial court that the judgment upon which suit is brought was not for fraud, nor for debt arising upon fraud in a fiduciary capacity.

### Misappropriation of Money by Partner.

*Held*, that the exception of the discharge in the national bankruptcy act "from a judgment for frauds," or 'debt for fraud in a fiduciary capacity," does not apply to a misappropriation of money by a partner while engaged in the conduct of the partnership business,—at least not unless in the violation of some express trust, not within the issues or findings in this case.

Action in the district court for St. Louis county to recover upon a judgment against defendant docketed in said court. The action was tried before Dibell, J., who found in favor of defendant.

1 Reported in 87 N. W. 1116.

From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*Thomas G. Frost* and *Harry A. Lund,* for appellant.

*Lum, Neff & Hartley,* for respondent.

LOVELY, J.

Plaintiff and defendant formed a partnership on July 30, 1896, for the purpose of buying and selling grain on commission. Plaintiff was to give no attention to the business. Defendant was personally to conduct the same, and receive sixty dollars per month therefor. Such connection continued until January 7, following, when it was dissolved by mutual consent. Thereafter an action was brought by plaintiff against his partner for an accounting, which was submitted to a referee. The referee heard the evidence, and made findings on which judgment was ordered against the defendant for a substantial sum, which was duly entered and docketed. In September of the following year defendant made application for the benefits of the federal bankrupt act, in which he properly scheduled his liabilities, including plaintiff's judgment, and, upon proceedings duly had, was legally discharged. The judgment against defendant still remaining of record, under the provisions of Laws 1899, c. 262, he moved the district court in which it was docketed to discharge the same. At the hearing of this motion it was claimed by plaintiff that the judgment was excepted from the discharge in bankruptcy, and he was given leave to bring suit thereon, which he did. Defendant answered, setting up his discharge in bankruptcy. Plaintiff, by reply, alleged that the judgment referred to was for defendant's fraud and misappropriation while acting in a fiduciary capacity, which facts, under his claim, excepted the judgment from the effect of the bankruptcy discharge. The action was tried to the district court for St. Louis county, which, after having made findings of fact and law in favor of defendant, ordered judgment thereon. Plaintiff moved for a new trial upon a settled case, which was denied. From this order, plaintiff appeals.

Under plaintiff's contention, the disposition of this appeal is within a very narrow compass, depending upon the construction

84 M.—25

of that portion of the federal bankrupt act of 1898 which excepts from the discharge "judgments in actions for frauds, * * * created by his fraud,. * * * in any fiduciary capacity." 30 Stat. (U. S.) 550, § 17, subd. 2, 4. Plaintiff insists, first, that the action for accounting was based upon the fraudulent acts of the defendant in the misappropriation of partnership funds and property. His theory is that the partnership. was controlled by an agreement under which defendant was authorized to withdraw sixty dollars per month for his services, and no more; also that it was defendant's duty to render an account, from month to month, which he did not do.

Other than the connection between the partnership agreement and general allegations of deficit and misappropriation of funds by defendant, there was nothing in the complaint before the referee which would justify the claim that fraud was litigated therein. It was an ordinary equitable action for an accounting between partners, sounding in contract (3 Pomeroy, Eq. Jur. § 1431), and asking for a money judgment. Neither do we think the findings of the referee justify the claim that defendant was guilty of defrauding plaintiff in the conduct of the partnership business. It was found by the referee that during the period of the partnership defendant "converted" a certain sum of money, which counsel claim ex vi termini indicates fraud; but it is clear from the remaining findings that the word "converted" was used in no such sense, but to describe conduct not inconsistent with honesty and good faith. From which it follows that neither the findings nor the judgment entered thereon in the suit before the referee established any fraud by defendant in the management of the partnership business.

As distinguished from the previous United States bankruptcy acts, the act of 1898 provides for two separate classes of exceptions from the discharge of the bankrupt, viz., one in which the judgment must be for fraud, and the other in which the debt must have arisen upon embezzlement, misappropriation, or fraud in a "fiduciary capacity." It is probable, as held in Re Rhutassel (D. C.) 96 Fed. 597, that it was the purpose of the present bankruptcy

act to provide that in the first class of cases the fraud should be shown or evidenced by a judgment, or at least disclosed in the judgment roll, while in the case of debts for "fraud in a fiduciary capacity" proof of the fiduciary capacity would furnish the test of the exception which would apply to cases of violation of express trusts.

But it is not necessary in this case to anticipate a decision of the supreme court of the United States in that respect, for the trial judge, not having before it a judgment for fraud, fully considered the weight of evidence on that question, and found that there was no fraud, upon testimony that amply supports his conclusions in that respect, and forecloses any further inquiry upon that issue here, leaving for us the simple duty of construing the meaning of the provision that excepts "fraud in a fiduciary capacity" from the operation of the bankruptcy discharge. So that it only remains to be considered whether, under the partnership agreement, a violation of the obligations imposed upon the defendant by its provisions for payment and account for moneys received, as well as the defendant's withdrawal of more money than his salary, was a breach of the fiduciary relation, within the purview of the bankruptcy exception referred to.

In the national acts of bankruptcy for 1841 and 1867 the discharge of the bankrupt excepts him from a debt of a similar nature. In both of these acts the word "fiduciary" was employed as a designation of the relation from which a discharge would not operate, and such term has received authoritative interpretation from the highest tribunal in the land, which concededly has final jurisdiction in such matters. The term "fiduciary" in the provisions of these acts has been held by the United States supreme court, as well as other courts, to apply to what may be understood as technical or express, rather than implied, trusts, and as excluding from such interpretation frauds by commission men, brokers, agents, etc. Neal v. Clark, 95 U. S. 704; Hennequin v. Clews, 111 U. S. 676; Palmer v. Hussey, 87 N. Y. 303, 119 U. S. 96; Noble v. Hammond, 129 U. S. 65.

The implied trust relation existing between partners, under

which their liabilities to each other must be determined, does not bring their affairs within the definition of the excepted term, "fiduciary," in the bankruptcy act, under the construction given in the above decisions. In a leading case in a court of high authority, which had previously decided that implied as well as express trusts were embraced in the exception of the bankruptcy act referred to, it was held that even under such interpretation the exception of the act would not extend to an implied trust between the members of a partnership (Hill v. Sheibley, 68 Ga. 556); and we are clearly of that opinion. While the collocation of language in which the term "fiduciary" is used in the former acts is not precisely the same as in the act of 1898, there is no reason to apprehend that a different construction will be given to that word than by the previous decisions in the court of final jurisdiction in such matters. In re Basch (D. C.) 97 Fed. 761; Bracken v. Milner (C. C.) 104 Fed. 522.

The order appealed from is affirmed.