JULIUS KARGER and Another v. JAMES J. B. ORTH.[1]

November 24, 1911.

Nos. 17,313—(42).

**Judgment.**

A fact determined by a judgment cannot be controverted by the judgment creditor, to show that the judgment is not affected by the discharge in bankruptcy of the judgment debtor.

**Discharge in bankruptcy — misappropriation of fund by partner.**

Misappropriation by a partner of partnership funds is not a misappropriation by him while acting in a "fiduciary capacity," within the meaning of the provision excepting certain debts from the effect of a discharge in bankruptcy.

[1] Reported in 133 N. W. 471.

Julius Karger and Solomon Karger appealed from an order of the district court for Hennepin county, Holt, J., granting defendant's motion for an order staying execution and all proceedings upon a judgment recovered by appellants against defendant. Affirmed.

*A. L. Brice,* for appellants.

*Tappan & Silverthorn,* for respondent.

SIMPSON, J.

In August, 1910, the respondent filed his petition in bankruptcy, and was, on November 26, 1910, discharged from all debts and claims provable under the national bankruptcy act, except such as are by law excepted from the operation of such discharge. In February, 1911, the district court of Hennepin county issued its order permanently staying execution upon a certain judgment in the sum of $10,598.60, recovered March 16, 1909, by appellants against the respondent. This appeal is taken from such order; the appellants claiming that the judgment and the debt upon which it was obtained were not affected by the discharge in bankruptcy.

By the bankruptcy act of 1898, as amended in 1903 (Act of Feb. 5, 1903, c. 487, § 5, 32 St. 798 [U. S. Comp. St. Supp. 1909, p. 1310]), it is provided:

"Sec. 17. *Debts Not Affected by a Discharge.* A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as: * * *

(2) Are liabilities for obtaining property by false pretenses or false representations. * * *

(4) Were created by his fraud, embezzlement, misappropriation or defalcation while acting as an officer or in any fiduciary capacity."

An examination of the record discloses that the judgment here involved was entered after trial and verdict by the jury in appellants' favor. The action was brought to recover on two promissory notes, each in the sum of $5,000, made by the defendant, respondent herein, to the plaintiffs, appellants herein, and the complaint sets out two causes of action thereon. The answer admitted the making of the notes, alleged plaintiffs and defendant were for some years prior to the making thereof, copartners; that the notes were given to

cover cash withdrawn by defendant from the partnership, that it was agreed that the defendant's share of the profits of the partnership, when the same were ascertained, should be applied in payment of the notes, and that defendant's share of such profits had been ascertained, and were in excess of the amount of the notes. Plaintiffs, by their reply, admitted the partnership, alleged that the defendant had misappropriated and converted partnership funds, and that as a settlement and adjustment of the matter the notes, together with certain cash payments and transfer of property, were given by the defendant to plaintiffs, that in such settlement defendant's share of the profits in the partnership had been agreed upon, and that he had been credited therewith and had released all claim therefor. The evidence on the trial is not incorporated in the record.

After judgment in the plaintiff's favor upon the issues so made, it is thereby established that the existing debt upon which the judgment was obtained was the two promissory notes, and that the former obligation arising out of the claimed misappropriation of the partnership moneys, as well as the claimed share of the defendant in the profits of the partnership, had been fully settled and adjusted, and, further, that the original obligation was created by a misappropriation by the defendant of partnership funds while in his possession as a partner—that is, it is thus established by the judgment that the debt upon which the judgment was rendered was a contract obligation, and that the original obligation did not arise out of a misappropriation by the bankrupt while acting in any fiduciary capacity.

Thus, neither the debt sued on nor the original obligation was within the classes of debts excepted from the effect of a discharge in bankruptcy. A misappropriation, to come within the fourth exception to debts affected by the discharge, must have been committed by one while acting as an officer or in a fiduciary capacity. The words "fiduciary capacity," as used in the bankruptcy statute, refer to technical or express trusts, and exclude the relationship of agents, brokers, and partners to funds held generally by them in such capacities. 2 Remington, Bankruptcy, § 2785; Gee v. Gee, 84 Minn. 384, 87 N. W. 1116.

On the hearing of the application to stay execution on the judg-

ment, the appellants, by affidavit, attempted to show that in fact the defendant was not a partner at the time of the claimed misappropriation of funds by him, but was acting in a fiduciary capacity, and that the notes sued on merely evidenced the amount of the defendant's conversion, and were not received in settlement or discharge of the debt arising through the defendant's wrongful acts. The appellants here urge that it may thus be shown by evidence outside of the judgment record that the debt on which the judgment is based, and hence the judgment, is a debt excepted from the effect of the discharge in bankruptcy.

There is not complete uniformity among the decisions upon the question of whether the pleadings in the action must show that the debt upon which the judgment was rendered arose under circumstances bringing it within such exceptions, or whether such facts may be shown by affidavits or evidence outside the record. 2 Remington, Bankruptcy, §§ 2691, 2750; In re Adler, 152 Fed. 422, 81 C. C. A. 564, 18 Am. Bankr. Rep. 240; Mackel v. Rochester (D. C.) 135 Fed. 904, 14 Am. Bankr. Rep. 429.

But the question so mooted is not involved here, for it seems clear that a fact determined by the judgment cannot thereafter be put in issue between the parties thereto. The original judgment here involved determined the nature of the debt sued upon. The facts set up in the affidavit and the claim of the appellants based thereon are directly in conflict with the facts determined by the judgment, that the notes sued on were given in final settlement and adjustment of all the mutual claims and demands of the parties to the action growing out of their partnership relation, and that the judgment was based on a contract obligation.

Order affirmed.