### In re FRAZZETTA.
### No. 17537.

District Court, W. D. New York.
Aug. 1, 1932.

Paul Muscarella, of Rochester, N. Y., for the motion.

Wynkoop & Toan, of Rochester, N. Y., opposed.

ADLER, District Judge.

This is the return of an order to show cause why a garnishment against the bankrupt's wages should not be vacated. The application is opposed by one Fichera, who maintains that his judgment obtained in the state court is one which is not dischargeable in bankruptcy. It appears that Fichera, the bankrupt, Frazzetta, and Rivoli were copartners engaged in the real estate business. An agreement was drawn up by the three partners which provided that the partnership should be dissolved, and that Frazzetta should have power to perform all the uncompleted work of the firm, and that he should faithfully account for all sums collected on behalf of the partnership. By the terms of the agreement, Frazzetta was to keep the partnership money in a separate account and not mingle it with his own. Frazzetta failed to account for any of the sums collected, and Fichera brought an action in the state court for an accounting. The defendant defaulted, and a referee was appointed to take testimony and compute the amount due. The referee found that the defendant was indebted to Fichera in the amount of $2,284.59 which Frazzetta is charged with having received in a fiduciary capacity. Subsequently Frazzetta filed a petition in bankruptcy.

It is the judgment creditors' contention that this sum is not dischargeable in bankruptcy on the grounds: (1) That this is a debt created by fraud, embezzlement, misappropriations, or defalcations while acting as an officer or in any fiduciary capacity; (2) that it is a willful and malicious injury to person or property of another.

1. It has long been settled that the term "fiduciary capacity" relates to technical or express trusts, and does not include trusts implied by law from contract or agency or bailment. Noble v. Hammond, 129 U. S. 65, 9 S. Ct. 235, 32 L. Ed. 621; Upshur v. Briscoe, 138 U. S. 365, 11 S. Ct. 313, 34 L. Ed. 931; Matter of Burchfield (D. C.) 31 F.(2d) 118. Also the act applies only to a debt created by a person who was already a fiduciary, independently of the particular transaction out of which the debt arose. Crawford v. Burke, 195 U. S. 176, 25 S. Ct. 9, 49 L. Ed. 147.

The fact that Frazzetta was the partner of Fichera does not bring him within the definition "fiduciary capacity" as is contemplated by section 17 of the Bankruptcy Act (11 USCA § 35). See Inge v. Stillwell, 88 Kan. 33, 127 P. 527, 42 L. R. A. (N. S.) 1093; Gee v. Gee, 84 Minn. 387, 87 N. W. 1116; Karger v. Orth, 116 Minn. 124, 133 N. W. 471.

2. By the provisions of section 43, New York Partnership Law (Consol. Laws, c. 39), a partner owes a fiduciary obligation to his partners. Notwithstanding this obligation of trust and confidence, the bankrupt failed to make any satisfactory accounting or give any reasonable explanation to the referee for his acts in handling the partnership moneys that came to him after the dissolution. The bankrupt admitted to the referee that he had destroyed all checks, books, and other papers of the partnership. One cannot escape the conclusion that he deliberately set out to defraud his partners.

In the case of MacIntyre v. Kavanaugh, 242 U. S. 138, 37 S. Ct. 38, 61 L. Ed. 205, it was held that one who was intrusted with the possession of corporate stocks as security for an indebtedness, and deliberately sells them and appropriates the proceeds, in excess of the debt secured, without the knowledge or consent of the owner, is guilty of a "willful and malicious" injury to property, and his liability is not released by a discharge in bankruptcy.

In Baker v. Bryant Fertilizer Co. (C. C. A.) 271 F. 473, a defendant was held liable for misappropriating proceeds of assigned accounts, and consequently not discharged in bankruptcy.

In the case of In re Keeler, 243 F. 770 (D. C. N. Y.), Judge Ray held that the intentional conversion of money of another deposited as security for the performance of a contract is a "willful injury" and not dischargeable.

One of the purposes of the Bankruptcy Act (11 USCA) is to discharge an honest debtor and not a malicious wrongdoer.

My conclusion is that the debt is not dischargeable in bankruptcy. The relief asked for in the order to show cause is denied.