STATEMENT BY THE COURT.
This appeal is prosecuted by appellant to reverse the decree of the Arkansas Chancery Court, wherein two claims aggregating $3,612.59 were classified as a common claim.
The uncontradicted facts leading up to the point in controversy are that on December 11, 1932, Lee Andrew Cox died and left surviving his widow, Sarah E. (Lizzie) Cox, and nine children and heirs at law. Mr. Cox carried two policies of insurance, one in the Woodmen of the World for $1,000 and the other in the Central States Life Insurance Company for $2,500, and Mrs. Sarah E. Cox was designated as beneficiary in these policies. On January 28, 1933, Sarah E. Cox received a check from the Woodmen of the World covering the proceeds of its policy, which check was drawn on a New York bank. On the same date, Sarah E. Cox presented this check to the First State Bank of Stuttgart for payment, and the First State Bank accepted said check and issued to Lizzie Cox the following deposit slip:
 "THE FIRST STATE BANK "Deposited by Lizzie Cox "Stuttgart, Ark., 1-28-1933. *Page 453 
 "Please list each check separately. "Currency Humphrey, Ark. "Silver "Gold "Checks as follows: N.Y. Woodmen of the World $958.41 Less Cash 150.00 ______ "$808.41
 "All cash items credited on Receipt Subject to Payment. "Duplicate Deposit Ticket "Not Negotiable — Return with book for entry. "THE FIRST STATE BANK "By Hayes, A. Cashier."
On February 2, 1933, Sarah E. Cox received a check from the Central States Life Insurance Company drawn on a bank in St. Louis for the proceeds of the policy her husband held in the Central States Life Insurance Company. Mrs. Cox took this check to the First State Bank of Stuttgart for payment, and it was disposed of by the issuance of a deposit slip in the following form:
"THE FIRST STATE BANK "Deposited by Lizzie Cox "Stuttgart, Ark., 2-2-1933. "Please list each check separately. "Currency "Silver "Gold "Checks as follows: "Central States Life Ins. $2,357.00 "All cash items credited on Receipt subject to Payment. "Duplicate Deposit Ticket "Not Negotiable — Return with book for entry. "THE FIRST STATE BANK "By Hayes, A. Cashier."
On February 11, 1933, Mrs. Sarah E. Cox died; on February 17. 1933, the appellant, Ira V. Cox, was appointed administrator of the estate of Sarah E. Cox by the probate court for the northern district of Arkansas County, and, on the same day of his appointment, the *Page 454 
First State Bank issued to him the following deposit slip covering the account of his mother:
 "THE FIRST STATE BANK "Deposited by "Ira V. Cox, Adm'r, Estate Lizzie Cox "Stuttgart, Ark., 2-17-1933. "Please list each check separately. "Currency M-Humphrey "Silver "Gold "Checks as follows: "Lizzie Cox $3,012.59 "Exc. "Trust fund to be Paid under of Court. 22 "All cash items credited on Receipt — "Subject to Payment "Duplicate Deposit Ticket. "Not Negotiable — Return with book for entry. "THE FIRST STATE BANK "By Hayes, A. Cashier."
The testimony on behalf of appellant tended to show that the two checks deposited by Mrs. Cox were collection items and were not intended by Mrs. Cox to be placed in said bank as a general deposit.
Wesley Cox, a son of Mrs. Sarah E. Cox, testified in effect that he was present when his mother made the deposit; that she put it in the bank for collection and drew $150 on it; that she said to, the man in the bank, "As soon as I, receive this money, I will withdraw it and deposit it in postal savings." This check was on a New York bank; that the witness was present when Mrs. Cox deposited the insurance company check and drew $150 on it; that he heard the conversation about the proceeds of the check with his mother, and the cashier that, as soon as the money was collected, she wanted to put it in postal savings; that his mother took sick immediately after these deposits and died on February 11; that she was never able to come back to Stuttgart after she made *Page 455 
the deposits; that the cashier told them that it would take some 10 days to effect the collection.
Ira V. Cox, another witness on behalf of appellant, testified to practically the same statement of facts given by his brother, Wesley Cox, in reference to the original deposits by his mother and the conversation had between his mother and the cashier at the time the deposits were made; that he is the administrator of his mother's estate, and is the person who had effected the transfer of his mother's account in the bank to himself as administrator, which is evidenced by the deposit slip under date February 17, 1933.
Mr. A. M. Hayes testified on behalf of appellee that he was assistant cashier of the First State Bank of Stuttgart and handled the transactions between the bank and Mrs. Cox on January 28 and February 2, 1933; that he issued the deposit slips introduced in testimony: that after the deposit was made on January 28 there was one check drawn against said account, in words and figures as follows:
"Stuttgart, Ark., Feb. 2, 1933.
"Received of the First State Bank $150.00, One Hundred Fifty and no-100 Dollars, of the amount due me on my account.
 "Non-negotiable. "Lizzie Cox."
That a similar check was drawn against the account on February 2, 1933; that on the dates the deposits were made Mrs. Cox, accompanied by Mr. Elms and several of her sons, came to the bank, and in reference to the deposit, he found that Mrs. Cox wanted to cash the checks; that it was not the bank's custom to pay out until returns were received on checks; that they then asked "if we would let them have some money on the deposit and I told him (meaning Mr. Elms) that, on his recommendation, I would accept the check from Mrs. Cox and give credit for it and let her draw check for $150 with the assurance that the remainder would remain until final payment would be made, which would be about a week or ten days." That there was no request made *Page 456 
by Mr. Elms or Mrs. Cox or any of her sons that the check be deposited for collection, and no such notation was put on the deposit slip; that the deposit of February 2 was made under the same circumstances and in the same manner as the deposit was made on January 28; that a receipt or check was cashed on this date for $150 for this item and charged to the account of Mrs. Cox. This witness further testified that he had no further conversation with Mrs. Cox or her sons until February 11, 1933, when they reported to him that Mrs. Cox was seriously ill, and that they desired to withdraw the money and invest it in postal savings in the name of Mrs. Cox, and that thereupon he drew a draft on the Simmons National Bank of Pine Bluff in words and figures as follows: "No. B563 "First State Bank 81-335 "Stuttgart, Ark., Feb. 11th, 1933. "Pay to the order of Postmaster of Humphrey, Ark., for Postal Savings Certificate in the name of Lizzie Cox $3,012.39. "The Simmons National Bank, Pine Bluff, Arkansas. "81-43 "A.M. Hayes, "Asst. Cashier." On back: "Certified back to Account Lizzie Cox. "Not used."
That this check or draft was not cashed and was returned to him, whereupon he executed the deposit slip in favor of the administrator under date of February 17, 1933, which has been hereinbefore set out; that the First State Bank of Stuttgart closed its doors on February 21, 1933, and has not reopened.
From the above testimony the chancellor found as a matter of fact that the claim should not be preferred.
(after stating, the facts). It is perfectly evident from the foregoing statement of facts *Page 457 
that the chancellor was fully warranted in finding from the testimony that the deposits made by Mrs. Cox on January 28 and February 2 were general deposits and not collection items. This is established by the testimony of Mr. Hayes, the assistant cashier of the bank, and he is fully corroborated by the deposit slips which were issued at the time and accepted by Mrs. Cox as the evidence of the transaction.
A chancellor's finding of facts will not be disturbed on appeal unless clearly against the preponderance of the evidence. Cherry v. Brizzolara, 89 Ark. 309,116 S.W. 668; Compagionette v. McArmick, 91 Ark. 69,120 S.W. 400; Sullivan v. Winters, 91 Ark. 149, 120 S.W. 843; Lyons v. First Nat'l Bank, 101 Ark. 368, 142 S.W. 856; Kissire v. Plunkett-Jarrell Grocery Co., 103 Ark. 473,145 S.W. 567.
It is true, of course, that the testimony on behalf of appellee was controverted by the testimony on behalf of appellants, but this made the issue of fact for the trial court's determination, and we cannot say that the chancellor's findings were against a preponderance of the testimony.
It is next insisted on behalf of appellant that the deposit slip executed on February 17, 1933, evidencing the deposit in the name of the administrator of the estate of Mrs. Cox, which deposit slip provided on its face, "trust fund to be paid under of court," created an express trust under subdivision 5 of 1 of act 107 of 1927. To this we cannot agree. This court held in State, etc., v. Arkansas Bank Trust Company, 183 Ark. 1108,40 S.W.2d 429; that the agreement there under consideration did not create an express trust "because the agreement was not with the county, and to be an express trust within the meaning of the act (act 107 of 1927), the agreement must be between the trustee and the cestui que trust, signed by the trustee at the time the contract for the deposit of the fund was made. Express trusts are thus created by the direct and positive act of the parties manifested by some instrument in writing whether by deed, will or otherwise." *Page 458 
It is perfectly evident that the notation on the deposit slip referred to above does not create an express trust as defined in the case cited supra or as defined by any other authority which has been called to our attention in briefs.
We therefore conclude that the chancery court of Arkansas County was correct in classifying the claims in this controversy as common instead of preferred. No error appearing, the decree of the Arkansas Chancery Court is in all things affirmed.