# AMERICAN SURETY COMPANY OF NEW YORK v. DANIEL J. GREENWALD.[1]

December 20, 1946.

No. 34,229.

*Fowler, Youngquist, Furber, Taney & Johnson,* for appellant.

*Robins, Davis & Lyons,* for respondent.

[1]Reported in 25 N. W. (2d) 681.

CHRISTIANSON, JUSTICE.

Appeal from an order denying a motion for a new trial.

This matter arises out of an action brought by plaintiff to recover on a claim of $3,838.79 assigned to it by the Travelers Indemnity Company (hereinafter called Travelers), which claim represents a balance, after deduction of defendant's commissions, on boiler insurance premiums collected by defendant. It was alleged in the complaint that the premiums, belonging to Travelers, were collected by defendant while acting in a fiduciary capacity and, with intent to defraud Travelers, were wrongfully and fraudulently embezzled, misappropriated, and converted to his own use between May 2, 1940, and January 16, 1941. There is no denial of the fact that defendant, by reason of the retention of the collections, became indebted to Travelers in the amount above stated, nor is there any denial by defendant that the indebtedness was never paid to Travelers or to its assignee, plaintiff herein. It appears that after the collection of the premiums and while he was indebted to Travelers therefor in the sum above stated defendant filed a voluntary petition in bankruptcy on July 13, 1942, and that he listed in the petition the above indebtedness of $3,838.79 in his schedule of debts. It also appears that the bankrupt (defendant) received a discharge in bankruptcy after proceedings in bankruptcy had been completed. By reason of this discharge, defendant now asserts that the indebtedness which is the subject of this action was discharged.

Thereafter action was brought by plaintiff herein, as the assignee of Travelers, to collect the claim. It was and is the claim of plaintiff that because of the provisions of § 17a(2) and (4) of the bankruptcy act, as amended, 11 USCA, § 35a(2) and (4), which will hereinafter be more specifically referred to, the debt was not discharged by defendant's discharge in bankruptcy.

After trial of the matter before the court without a jury, the court made findings of fact, conclusions of law, and order for judgment in favor of defendant. Such findings, among other things, were to the effect that, although there had been collections in the amounts alleged in the complaint and despite the fact that there

was a balance due in the amount of $3,838.79, the debt had been discharged in the bankruptcy proceedings, the court stating that defendant had not acted in a fiduciary capacity in the course of said transactions so as to make applicable § 17a(4) of the bankruptcy act, which provides:

"a. A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as * * * (4) were created by his fraud, embezzlement, misappropriation or defalcation while acting as an officer or in any fiduciary capacity; * * *."

Judgment for defendant was accordingly ordered. Thereupon plaintiff moved for amended findings or a new trial. The motion, among other things, prayed that the findings be amended to show that the acts and conduct of defendant in collecting the premiums belonging to Travelers and his failure to remit were done in a fiduciary capacity; that the resulting indebtedness and liability of defendant did not constitute a debt dischargeable under the bankruptcy act; and that judgment be entered for plaintiff. As stated, plaintiff also moved in the alternative, if the motion to amend the findings should be denied, for an order vacating the decision of the court and for a new trial. Thereafter the court made and filed amended findings, conclusions of law, and order for judgment in favor of defendant. In the amended findings, the court determined, among other things:

"That defendant failed to promptly deduct his commissions and to then remit the balance of each of said premium collections to Travelers Indemnity Company when received, and, on the contrary, defendant wrongfully and with the intent to deprive said Travelers Indemnity Company thereof, misappropriated and converted to his own use, retained in his possession and fraudulently embezzled $3,838.78 of said moneys, over and above the foregoing credits and commissions due him and paid over to Travelers Indemnity Company only * * * [certain] amounts,"—

and that prior to the commencement of the action herein Travelers assigned to plaintiff its claim and cause of action against defendant. The amended findings also contained a recital to the effect that under the arrangements and in the course of dealings between defendant and Travelers defendant did not act as an officer or in a fiduciary capacity so as to except the debt here in question from defendant's discharge in bankruptcy, and that by reason thereof defendant was not indebted to plaintiff in any amount.

At the time of making such amended findings, the court made no disposition of plaintiff's alternative motion to vacate the decision of the court and grant a new trial, but at a later date this omission was remedied by an order denying this portion of the motion. It is from the order denying a new trial that this appeal is taken.

It is the contention of plaintiff on this appeal that the trial court erred in its application of the law to the facts. It urges that, in view of the fact that defendant wrongfully converted the money collected by him while acting under an arrangement that gave his acts a fiduciary character, two separate provisions of the bankruptcy act apply to prevent defendant's debt to plaintiff from being discharged in the bankruptcy proceeding, and that as a result thereof judgment should be for plaintiff. The provisions which plaintiff seeks to invoke are those contained in § 17 of the act, as amended (11 USCA, § 35), the material portion of which provides:

"a. A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as * * * (2) are liabilities * * * for willful and malicious injuries to the person or property of another, * * * or (4) were created by his fraud, embezzlement, misappropriation or defalcation while acting as an officer or in any fiduciary capacity; * * *."

■ With respect to subd. a(2) above referred to, defendant contends that plaintiff cannot now resort thereto on appeal. He contends that this is an attempt by plaintiff to here invoke a theory not relied upon when the case was tried below. In this it appears that defendant is correct, for at the beginning of the trial the following

discussion took place between the court and the attorneys representing the parties:

"The Court: What is the issue?

"Mr. Lyons [defendant's attorney]: That funds were collected by the defendant under claim of plaintiff in this case—it is a very narrow issue, that is true, and we might show a portion of the Bankruptcy Act in issue, Section 35, is that right, Mr. Furber?

"Mr. Furber [plaintiff's attorney]: Yes.

"Mr. Lyons: Paragraph 4 of that portion which arises from discharged debts created by 'fraud, embezzlement, misappropriation, or defalcation while acting as an officer,' and that is not an issue, 'or in a fiduciary capacity.' The question is whether or not under the law this money or this debt was caused or created by fraud, embezzlement, misappropriation or defalcation while acting in a fiduciary capacity.

"The Court: In what capacity are you?

"Mr. Lyons: Only an agent, commission man, broker or what-have-you, and that relationship under the facts will be shown in the evidence and are not such as to bring it within the meaning of the class of fiduciary capacity as used in the Bankruptcy Act."

Although subd. a(4) of § 17 above referred to had been thus specifically alluded to in the foregoing discussion as being the sole provision involved in the suit, plaintiff's counsel there present said nothing to indicate disagreement with the statement made by defendant's counsel. Thus, from what transpired there, it was natural to assume that the only legal question involved, and the only one on which the case was being tried, was the question whether defendant was acting in a fiduciary capacity within the contemplation of subd. a(4) of § 17 at the time of the transactions in question. That the trial court so believed and that it acted on that assumption clearly appears from the fact that, although the court's findings and memorandum treat and discuss the question of defendant's fiduciary capacity under subd. a(4), nothing appears there relative to subd. a(2), the court's memorandum to the original findings of fact stating:

"The only claim made by plaintiff in its pleadings and upon the trial was that defendant's indebtedness was excepted from his discharge under that part of the Bankruptcy Act which provides as follows:

" 'Sec. 17. DEBTS NOT AFFECTED BY A DISCHARGE. a. A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such' as * * * (4) were created by his fraud, embezzlement, misappropriation or defalcation while acting as an officer or in a! fiduciary capacity. * * *', "

From the foregoing, we must conclude that the case was tried on the single theory that the only question involved was whether subd. a(4) or § 17 applied to defendant's situation! in the transactions here involved. Plaintiff, however, asserts that by its motion for amended findings, as shown by the record, it sought to have applied subd. a(2) of § 17, and therefore that the question of its applicability is now properly before us for consideration. We believe, however, that the holding and reasoning in Allen v. Central Motors, Inc. 204 Minn. 295, 283 N. W. 490, may properly be applied to the situation here presented by the record. We shall, therefore, confine our consideration to the applicability of subd. a(4) of § 17.

■ A determination of the question whether defendant was acting in such fiduciary capacity at the time of the transactions in question as to prevent the discharge in bankruptcy of the indebtedness involved requires a close examination of the facts and circumstances upon which the relationship existing between defendant and Travelers was based. It seems that after some preliminary discussions relative to the proposed business relationship a letter was directed to defendant by Travelers containing the essential elements of the agreement constituting the basis of the alleged trust relationship between defendant and Travelers. This letter, dated March 2, 1940, reads in part as follows:

"* * * We will pay to your agency also, a one-third of 20% of the gross premiums, plus an additional 7½% commission on the entire premium.

"It is understood by this office that as you receive the gross premium from the state, you will in turn deduct your total commission as agreed upon in this letter and that you will then remit the balance to us. We will then pay the commission as agreed to the two other agencies involved."

The court in its amended findings also found as follows:

"That thereafter Travelers Indemnity Company authorized defendant to collect the premiums on said boiler insurance policies from the state of Minnesota, and upon receipt thereof, to deduct his commission due thereon, as aforesaid, and then remit the balance of the premiums so collected to said Travelers Indemnity Company."

It is urged by plaintiff that the evidence referred to and the findings based thereon as above set forth show a relationship between Travelers and defendant which was clearly of a fiduciary character within the contemplation of subd. a(4) of § 17. It is the contention of defendant that such relationship does not constitute such a trust relationship as to bring it within the purview of said subd. a(4). In support of his position, defendant cites, among others, Gee v. Gee, 84 Minn. 384, 87 N. W. 1116, and Karger v. Orth, 116 Minn. 124, 133 N. W. 471. These cases, which hold that the partnership relations there referred to did not create such technical trusts as would bring the parties there involved within the contemplation of subd. a(4) of § 17, are, however, not applicable to the situation here. There are various statements in bankruptcy treatises and in many decided cases to the effect that to constitute "fiduciary capacity" within the meaning of subd. a(4) of § 17 there must be a technical or expressed trust relationship. It appears to us that the facts in the instant case establish such a technical or expressed trust relationship as to make the position of defendant a fiduciary one within the meaning of subd. a(4) of § 17. In holding that the arrangement existing between defendant and Travelers at the time of the transactions in question constitutes a trust arrangement, we are not achieving that result by ignoring the

established principles of the law of trusts. The facts here present well establish that defendant received and collected the premiums under and pursuant to clear and definite terms set forth in the written instrument presented to him by Travelers. That instrument specifically prescribes, as to defendant, that after receiving "the gross premium from the state, you will in turn deduct your total commission as agreed upon in this letter *and that you will then remit the balance to us."* (Italics supplied.) Thus, defendant received and collected the money as a trustee under an express trust. Bearing upon the question before us is the following from Restatement, Trusts, § 12, *comment g,* which is peculiarly applicable to the facts of the case at bar:

"*g. Manifestation of intention.* If one person pays money to another, it depends upon the manifested intention of the parties whether a trust or a debt is created. If the intention is that the money shall be kept or used as a separate fund for the benefit of the payor or a third person, a trust is created. If the intention is that the person receiving the money shall have the unrestricted use thereof, being liable to pay a similar amount whether with or without interest to the payor or to a third person, a debt is created.

\* \* \* \* \*

"*Illustrations:*

\* \* \* \* \*

"9. A, acting as attorney for B, collects a debt owing to B. In the absence of evidence showing a contrary intention, A is trustee for B of the funds so collected."

That the arrangement here existing between Travelers and defendant constituted an express trust would seem clear under the decisions of this court, illustrative of which is Wertin v. Wertin, 217 Minn. 51, 54, 13 N. W. (2d) 749, 751, 151 A. L. R. 1302, where this court said:

" 'Express trusts are those which are created by the direct and positive acts of the parties, by some writing, or deed, or will; or

by words either expressly or impliedly evincing an intention to create a trust.' 65 C. J., Trusts [§ 10]B. In our cases we have defined such trust to be 'one created by the parties in language directly and expressly pointing out the persons, property, and purposes of the trust.' 6 Dunnell, Dig. & Supp. § 9877, and cases in note 95; In re Estate of Burton, 206 Minn. 516, 289 N. W. 66."

65 C. J., Trusts, § 12, distinguishes express and implied trusts as follows:

"Express and implied trusts differ chiefly in that express trusts are created by the acts of the parties, while implied trusts are raised by operation of law, either to carry out a presumed intention of the parties or to satisfy the demands of justice or protect against fraud."

The contention of defendant that there was not a trust relationship but a debtor-creditor relationship existing between defendant and Travelers is clearly negatived by the terms of the arrangement between Travelers and defendant and the specific *amended* findings of the court hereinbefore referred to.

■ The facts also establish that the "fiduciary capacity" of defendant existed by reason of an arrangement made prior to and independently of the transactions out of which arose the indebtedness which is the basis of this cause of action. The trial court failed to indicate this fact in its findings. This, however, is an important element in the determination of all the cases excepted from discharge under § 17a(4). Upshur v. Briscoe, 138 U. S. 365, 11 S. Ct. 313, 34 L. ed. 931.

It is therefore our opinion that such an express or technical trust existed in the instant case between Travelers and defendant as to compel the holding that defendant in the transactions here involved was acting in a fiduciary capacity within the meaning intended by § 17a(4), and that the debt involved was created by defendant's "fraud, embezzlement, misappropriation or defalcation while acting * * * in any fiduciary capacity" within the meaning of said § 17a(4).

█ It follows, then, that defendant's indebtedness, the subject of the action here, was not discharged by his bankruptcy, and that plaintiff is entitled to judgment against him for the amount of the claim sued on in this action. The decision of the trial court is accordingly reversed and the case remanded with directions to modify the findings of fact, conclusions of law, and order for judgment in conformity with this opinion so as to order judgment in favor of plaintiff for the amount sued for.

Reversed and remanded.