**MORGAN**

v.

**AMERICAN FIDELITY FIRE INS. CO.**

**No. 14915.**

United States Court of Appeals Eighth Circuit.

Feb. 3, 1954.

S. L. White, Little Rock, Ark., for appellant.

Barber, Henry & Thurman and A. L. Barber, Little Rock, Ark., for appellee.

Before GARDNER, Chief Judge, and STONE and THOMAS, Circuit Judges.

GARDNER, Chief Judge.

This appeal is from a judgment which by its terms adjudged that the debt due from appellant to appellee was for funds belonging to appellee misappropriated by appellant while acting in a fiduciary capacity. We shall refer to the parties as they appeared in the trial court. It appears from the evidence and the court found that defendant on the 20th day of October, 1952, was in the insurance business in the City of Little Rock, Arkansas; that on that date he entered into a written contract with plaintiff by which he became the agent of plaintiff with power to write and issue policies of insurance. Paragraph (1) of the contract reads as follows: "Agent has full power and authority to accept proposals for insurance covering automobile risks as Company may, from time to time, authorize to be insured; to charge the premium for such proposals as set forth in the manual of insurance approved by the Insurance Department of the State in which the risk is located, and in accordance with the rules of said manual; to collect, receive and receipt for premiums on insurance tendered by Agent to and accepted by the Company. All premiums received by agent shall be held by agent in a fiduciary capacity as trustee for Company until delivered to Company or its managers." The court further found that pursuant to the provisions of the contract the defendant, W. S. Morgan, Jr., issued policies and collected premiums therefor; that the amount of premiums collected and unaccounted for was $15,280.92, and against this sum the defendant was entitled to a credit of $2,000.00, the deposit made by the defendant at the time the executed contract was transmitted to the American Fidelity Fire Insurance Company; that the defendant, W. S. Morgan, Jr., was the organizer, and except for qualifying shares, the owner of Morgan Insurance Agency, Inc., and all premiums collected by W. S. Morgan, Jr., under the contract were placed in the accounts of this corporation; that the books of the corporation showed an account labeled "Loans to Officers" and that from this account it appeared that W. S. Morgan, Jr., the defendant, borrowed from the corporation more than $22,000.00, which had not been paid by the defendant; that the defendant, W. S. Morgan, Jr., collected these premiums under the provisions of the contract, has not accounted for them, or any part thereof, and with the intent to deprive the Company of this money, has misappropriated and converted to his own use, and has fraudulently embezzled the sum of $13,280.92, money belonging to the plaintiff; and that the above sum of money was due and owing to the plaintiff. The court concluded as a matter of law that the premiums collected by this defendant under his contract with the plaintiff belonged to plaintiff, and defendant in collecting the same acted in the capacity of a trustee and that the debt created by the collecting of such premiums and the failure and refusal to remit or account therefor to the plaintiff was a debt created by the misappropriation by or defalcation of defendant while acting in such fiduciary capacity. Pursuant to these findings and conclusions the court entered judgment against defendant for the sum of $13,280.92 and adjudged that the debt for which the judgment was entered had been created by the misappropriation by and defalcation of defendant while acting in a fiduciary capacity.

On this appeal defendant specifically admits that he is indebted to the plaintiff in the amount specified in the judgment but he complains of the finding that the debt was for funds belonging to plaintiff but misappropriated by him while acting in a fiduciary capacity. It is not denied that premiums in the amount found by the court were collected and were not accounted for to the plaintiff, but it is claimed that these premiums were collected not by the defendant but by the Morgan Insurance Agency, Inc. This company was or-

ganized by the defendant and he was the sole owner of the stock except for qualifying shares, and there was a written contract between the corporation and the plaintiff substantially identical in terms with those of the contract between defendant and plaintiff. Defendant had been in the insurance business since 1936 and had organized this company in 1947. The premiums here involved due the plaintiff were collected by defendant or his wholly owned corporation. Premiums collected were credited to the corporation's account but were withdrawn from that account by the defendent under the guise of a loan and the corporation's books showed that defendant owed the agency in excess of $20,000.00. The corporation was at all times under defendant's complete control. The money was of course known by defendant to belong to the plaintiff and according to his written contract these funds were to be held by him in a fiduciary capacity as trustee for plaintiff until delivered to plaintiff. The court's finding that defendant collected the premiums for which judgment was rendered pursuant to contract is presumptively correct and should not be set aside unless clearly erroneous. Rule 52 (a), Federal Rules of Civil Procedure. Under the evidence defendant was in control of all the funds collected as premiums. He owned the corporation and he appropriated the funds belonging to the plaintiff under the flimsy pretense of borrowing them from his own corporation. It appears throughout the record and briefs that defendant's objection to the form of the judgment is bottomed on the fact that the judgment in this form cannot be discharged through bankruptcy proceedings. The section of the bankruptcy law considered by the trial court provides that "A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as * * * (4) were created by his fraud, embezzlement, misappropriation or defalcation while acting as an officer or in any fiduciary capacity". Section 17, sub. a(4) of the Bankruptcy Act, Section 35, sub. a(4), Title 11, U.S.C.A. It was the purpose of the trial court to adjudicate defendant's liability to the plaintiff in such a form that it could not be discharged through bankruptcy proceedings. This is made clear by reference to a memorandum opinion made part of the court's findings wherein the court said, "The defendant cannot escape his responsibility and liability as a trustee of these funds by placing them in an account in the Corporation, in an account labeled as belonging to the Corporation, and then lending them to himself. No court of equity will lend itself to such a subterfuge, but will tear aside such pretense and see behind it the clear fact that this defendant was a trustee, was acting in a fiduciary capacity, has misappropriated moneys he held as a fiduciary, and is liable to the plaintiff for these funds, and that plaintiff is entitled to a judgment, such as would be called for under the findings above and the conclusions of law hereinafter stated."

■ The contract here specifically provided that defendant in his transactions with the plaintiff was acting in a fiduciary capacity. That being determined by contract we think it follows as a matter of law under the facts as found by the trial court, which we think are sustained by abundant evidence, that the debt was one not dischargeable in bankruptcy. United States Fidelity & Guaranty Co. v. Smith, 103 Ark. 145, 147 S. W. 54; Cox v. Wasson, 187 Ark. 452, 60 S.W.2d 566; American Surety Co. of New York v. Greenwald, 223 Minn. 37, 25 N.W.2d 681; Citizens Mut. Automobile Ins. Co. v. Gardner, 315 Mich. 689, 24 N.W.2d 410; Manufacturers' Casualty Ins. Co. v. Mink, 129 N.J.L. 575, 30 A.2d 510. In United States Fidelity & Guaranty Co. v. Smith, supra [103 Ark. 145, 147 S.W. 55], the court among other things said, "Express trusts are those created by the direct and positive acts of the parties, manifested by some instrument in writing, whether by deed, will, or otherwise." Again, in Cox v.

Wasson, supra [187 Ark. 452, 60 S.W.2d 568], the same court said, "Express trusts are those created by the direct and positive acts of the parties, manifested by some instrument in writing, whether by deed, will, or otherwise." Defendant relies strongly on a decision of the Supreme Court in Davis v. Aetna Acceptance Co., 293 U.S. 328, 55 S.Ct. 151, 79 L.Ed. 393, but the facts in that case are readily distinguishable from those in the case at bar. The decision of the trial court finds support in the decision of the Supreme Court of Minnesota in American Surety Co. of New York v. Greenwald, supra. In that case the court said [223 Minn. 37, 25 N.W.2d 685], "It is urged by plaintiff that the evidence referred to and the findings based thereon as above set forth show a relationship between Travelers and defendant which was clearly of a fiduciary character within the contemplation of subd. a(4) of § 17. It is the contention of defendant that such relationship does not constitute such a trust relationship as to bring it within the purview of said subd. a(4). In support of his position, defendant cites, among others, Gee v. Gee, 84 Minn. 384, 87 N.W. 1116, and Karger v. Orth, 116 Minn. 124, 133 N. W. 471. These cases, which hold that the partnership relations there referred to did not create such technical trusts as would bring the parties there involved within the contemplation of subd. a(4) of § 17 are, however, not applicable to the situation here. There are various statements in bankruptcy treatises and in many decided cases to the effect that to constitute 'fiduciary capacity' within the meaning of subd. a(4) of § 17 there must be a technical or expressed trust relationship. It appears to us that the facts in the instant case establish such a technical or expressed trust relationship as to make the position of defendant a fiduciary one within the meaning of subd. a(4) of § 17. In holding that the arrangement existing between defendant and Travelers at the time of the transactions in question constitutes a trust arrangement, we are not achieving that result by ignoring the established principles of the law of trusts. The facts here present well establish that defendant received and collected the premiums under and pursuant to clear and definite terms set forth in the written instrument presented to him by Travelers. That instrument specifically prescribes, as to defendant, that after receiving 'the gross premium from the state, you will in turn deduct your total commission as agreed upon in this letter *and that you will then remit the balance to us.'* (Italics supplied.) Thus, defendant received and collected the money as a trustee under an express trust."

We are of the view that the contentions of the defendant are wholly without merit. The judgment appealed from is therefore affirmed.