In re Richard L. CUTLER, d/b/a Eells-Cutler Insurance Agency, Debtor.

**LEMARS MUTUAL INSURANCE CO., Plaintiff,**

v.

**Richard L. CUTLER, d/b/a Eells-Cutler Insurance Agency, Defendants.**

No. C 87–2020.
Bankruptcy No. 86–00079W.
Adv. No. 86–0160W.

United States District Court,
N.D. Iowa, E.D.

June 23, 1987.

Larry L. Anfinson, Waterloo, Iowa, for plaintiff/appellant LeMars Mut. Ins. Co.

Richard Hansen, Cedar Falls, Iowa, for defendant/appellee Richard L. Cutler.

### ORDER AFFIRMING BANKRUPTCY COURT'S DECISION

HANSEN, District Judge.

This matter is before the court on appellant LeMars Mutual Insurance Company's appeal filed February 18, 1987, from a decision of the bankruptcy court[1] entered December 29, 1986, dismissing plaintiff's complaint, and from an order of the bankruptcy court entered February 10, 1987, making additional findings and confirming the December 29, 1986 order dismissing the complaint. Richard L. Cutler, d/b/a Eells-Cutler Insurance Agency, resists the appellant's appeal and urges this court to affirm the bankruptcy court. Both sides have filed briefs outlining their arguments. This court has carefully reviewed the record on appeal and has also carefully studied the exhaustive and well written briefs filed by the parties.

---

**1.** The Honorable Thomas Wood, United States Bankruptcy Judge.

This case involves the determination of whether the relationship between plaintiff, the LeMars Mutual Insurance Co., and defendant Richard Cutler, d/b/a Eells-Cutler Insurance Agency, is one of creditor-debtor or whether a fiduciary relationship exists between these parties. Plaintiff contends that the debt involved is not dischargeable under the Bankruptcy Code because the debt is excepted from discharge under 11 U.S.C. § 523(a)(4), which states that any debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny is non-dischargeable." In his opinion, Judge Wood relied on the case of *In re Pehkonen*, 15 B.R. 577 (N.D.Iowa 1981). He found such a great similarity between *Pehkonen* and the instant case that rather than write a separate opinion, he simply adopted the *Pehkonen* opinion in full. *Pehkonen* distinguished the case of *Morgan v. American Fidelity Fire Ins. Co.*, 210 F.2d 53 (8th Cir.1954). This court feels that it is necessary to articulate more fully why *Morgan* is distinguishable from the instant case.

In *Morgan*, the Eighth Circuit found that a trust clause in an insurance agency agreement, similar to the one here, created a fiduciary duty. If a fiduciary duty exists, then the debt is non-dischargeable under 11 U.S.C. § 523(a)(4) if fraud or defalcation is proven.

The main distinction between *Morgan* and the instant case is the manner of acceptance of premiums by the insurance agent and the subsequent remittance of these premiums to the insurance company. In *Morgan* the agent, after receiving the gross premium, was to deduct his commission and remit the balance to the insurance company, 210 F.2d at 56. In the instant case the bankruptcy judge found that LeMars required the defendant to remit all policy premiums due and payable by policy holders, whether or not received by the defendant. In addition, LeMars did not require segregation of premium receipts from other funds of defendant or restrict the use of premiums received by defendant but not yet remitted. These findings are not clearly erroneous.

This method of remittance is very similar to the method used in *Matter of Storms*, 28 B.R. 761 (Bankr.E.D.N.C.1983). In *Storms*, as in this case, defendant was required to remit premiums due from policyholders, whether or not collected. The defendants in both *Storms* and the present case routinely and openly commingled premiums collected on behalf of various insurance companies. Here, the defendant commingled LeMars' premiums in his general account with premiums collected for other insurance companies. The court in *Storms* found that no fiduciary relationship existed between the parties. The facts of the instant case are closer to *Storms* than to *Morgan*. This court finds no error in any part of the well reasoned opinion of the bankruptcy judge and determines that it could add little to other aspects of this case by a separate opinion coming to the same legally warranted conclusions.

*It Is Ordered:*

1. The decision of the bankruptcy court entered December 29, 1986 and confirmed February 10, 1987, is hereby affirmed.

2. Appellant's appeal, filed February 18, 1987, is dismissed.